1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10  BRAD MAUSS, individually and on behalf of all other persons similarly situated,

11

12                                    Plaintiff,

          v.

13

14

NUVASIVE, INC.; ALEXIS V.
15  LUKIANOV; KEVIN C. O'BOYLE;
and MICHAEL J. LAMBERT,

16

17                                    Defendants.

CASE NO. 13cv2005 JM (JLB)

ORDER GRANTING MOTION FOR
CLASS CERTIFICATION;
APPOINTING CLASS
REPRESENTATIVES; AND
APPOINTING CLASS COUNSEL

18        Pursuant to Fed.R.Civ.P. 23(a), 23(b)(3), and 23(g), Lead Plaintiff Brad Mauss

19  and Plaintiff Daniel Popov move for class certification and appointment of class

20  representatives and class counsel.   Defendants NuVasive, Inc. ("NuVasive"), Alexis

21  V. Lukianov, Kevin C. O'Boyle, and Michael J. Lambert (collectively "Defendants")

22  oppose the motion on the ground that named Plaintiffs and their counsel are inadequate

23  to represent the class.  Having carefully considered the matters presented, the court

24  record, and the arguments of counsel, the court grants the motion for class certification,

25  appoints Brad Mauss and Daniel Popov as class representatives, and appoints

26  Pomerantz LLP ("Pomerantz") and Glancy Prongay & Murray LLP ("GPM") as class

27  counsel.

28  / / /

**BACKGROUND**

On August 28, 2013, Plaintiff commenced this putative securities-fraud class action on behalf of those individuals who purchased NuVasive securities between October 22, 2008, and July 30, 2013.  After filing the Sixth Amended Complaint ("6AC") on October 26, 2016, four rounds of Rule 12(b)(6) motions, and several miscellaneous motions, Plaintiffs, on October 28, 2016, 38 months after commencement of the action, filed their motion for class certification and appointment of class representatives and class counsel.  Defendants' opposition to the motion for class certification focuses on the ability of the class representatives and class counsel to satisfy the adequacy requirement of Fed.R.Civ.P. 23(a)(4).

As the merits are not directly at issue in the present motion, the court briefly reviews the nature of this action.  NuVasive designs, develops, and markets products for the surgical treatment of spine disorders.  NuVasive's products include Maximum Access Surgery ("MAS") and Fusion products.  On July 30, 2013, NuVasive disclosed in its Form 10-Q for its second quarter in 2013 that it had "received a federal administrative subpoena from the Office of the Inspector General of the U.S. Department of Health and Human Services (OIG) in connection with an investigation into possible false or otherwise improper claims submitted to Medicare and Medicaid. The subpoena seeks discovery of documents for the period January 2007 through April 2013."  After releasing this news, NuVasive securities declined $3.28 per share or over 12%, to close at $22.84 per share on July 31, 2013.

Throughout the applicable class period, the complaint alleges Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about NuVasive's business, operations, and prospects.  Specifically, Defendants allegedly made false and/or misleading statements and/or failed to disclose that NuVasive improperly submitted false claims to Medicare and Medicaid in alleged violation of federal and state laws and regulations, made illegal "kickbacks" to doctors, and engaged in off-label promotion of NuVasive products and services.  The alleged

fraudulent kickback and off-label marketing scheme prompted an investigation by the Office of the Inspector General of the U.S. Department of Health and Human Services. Ultimately, NuVasive paid about $13.5 million in fines and penalties.

The 6AC alleges Plaintiff and other class members have suffered significant losses and damages. Based on these general allegations and more specific allegations provided in the 6AC, the complaint asserts two causes of action: (1) Violations of Section 10(b) and Rule 10b-5 promulgated thereunder against all Defendants; and (2) Violations of Section 20(a) of the Securities Exchange Act against the individual Defendants.

## DISCUSSION

For a class to be certified, Plaintiffs must satisfy the prerequisites of Rule 23(a), and one requirement of Rule 23(b). Under Rule 23(a), the class must satisfy four prerequisites:

> (1) numerosity of [parties], (2) common questions of law or fact predominate, (3) the named [party's] claims and defenses are typical, and (4) the named [party] can adequately protect the interests of the class.

Hanon v. Dataproducts, 976 F.2d 497, 508 (9th Cir. 1992); Briseno v. ConAgra Foods Inc., 844 F3d. 1121, 1131 (9th Cir. 2017) ("the class representatives bear the burden of demonstrating compliance with Rule 23"). Under Rule 23(b)(3), class certification is appropriate where "questions of law or fact common to the class predominate over any questions affecting only individual members," and that a "class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b)(3).

Defendants do not dispute Plaintiffs' showing on the elements of numerosity, commonality, typicality, or the predominance of common factual and legal issues. The only class action requirement challenged by Defendants is Rule 23(a)(4), adequacy of Plaintiffs and their counsel to represent the class.

The general test for adequacy involves an analysis of the adequacy of counsel

and the class representative's willingness to "prosecute the action vigorously." In re Mego Fin'l Corp. Secur. Litig., 213 F.3d 454, 462 (9th Cir. 2000). "The proper resolution of this issue requires that two questions be addressed: (a) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (b) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Id. In reliance upon district court cases from around the country, Defendants contend "that where a plaintiff is unfamiliar with the alleged claims or facts of the case, the plaintiff cannot adequately represent a class." (Oppo. at p.9:24-25). While some circuits require the class representative to have sufficient knowledge about the class claims to provide meaningful guidance to counsel, see Maywalt v., Parker & Parsley Petroleum Co., 67 F.3d 1072, 1077-78 (2nd Cir. 1995), in the Ninth Circuit, as long as the class representative understands his duties and is represented by competent counsel, the class representative and class counsel are considered competent for purposes of Rule 23(a)(4). Local Joint Executive Bd. Of Culinary/Beverage Trust Fund v. Las Vegas Sands, 244 F.3d 1152, 1162 (9th Cir. 2011); Rutter Group, California Practice Guide: Federal Civil Procedure Before Trial, ¶10:343 (2010).

Finally, in the case of federal securities actions, the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4 et seq., sets forth requirements that the lead plaintiff "be capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(B). On an issue of first impression, the Fifth Circuit has stated, in reference to the PSLRA, "that securities class actions be managed by active, able class representatives who are informed and can demonstrate they are directing the litigation. In this way, the PSLRA raises the standard adequacy threshold [of Rule 23(a)]." Berger v. Compaq Computer Corp., 257 F.3d 475 (5th Cir. 2001). It is unclear whether the Ninth Circuit will follow the Fifth Circuit's interpretation of the PSLRA as raising the bar for those who seek to serve as class representatives. This is particularly true where the legislative history of the PSLRA indicates that "[t]he provisions of the bill relating to the appointment of a lead plaintiff are not intended to

1   affect current law with regard to challenges to the adequacy of the class representative
2   or typicality of the claims among the class." H.R. Conf. Rep. No. 104–67, at 34–35
3   (1995). Accordingly, the court declines to impose a higher burden on Plaintiffs beyond
4   that required by Rule 23(a).

5   **Adequacy of Class Counsel**

6        Plaintiffs and the class are represented by Pomerantz and GPM. The firm
7   resumes submitted by counsel demonstrate their adequacy to represent the class.  As
8   set forth in those firm resumes, both firms have extensive experience in the prosecution
9   of federal securities class actions.  (Carino Decl. Exhs. 2, 3).  Both firms are
10  knowledgeable about federal securities laws and have successfully prosecuted hundreds
11  of class actions.

12       Defendants do not raise any specific objection to the competency of Pomerantz
13  and GPM to prosecute this action and to act as class counsel.  Rather, Nuvasive
14  contends that counsel have, in essence, treated the class representatives as superfluous
15  stand-ins by not keeping them adequately informed about the status of the case (failed
16  to provide the class representatives with copies of all the amended complaints, orders
17  and other papers issued by the court, or to keep the class representatives adequately
18  informed). (Oppo. at pp.12:23-13:14). The record reveals that Plaintiff Mauss testified
19  that he maintained regular communication with counsel throughout this case, received
20  documents and updates from counsel, and spoke with counsel about 20 times in 36
21  months. (Mauss TR 101:17-24; 147:3-13; 157-157).  While Plaintiff Popov did not
22  maintain continuous contact with counsel like Plaintiff Mauss, since resuming a more
23  active role, Plaintiff Popov has regularly communicated with counsel.  Based upon the
24  totality of the record, the court finds Pomerantz and GPM adequate to represent the
25  class.

26       In sum, the court appoints Pomerantz and GPM as class counsel.

27  **Adequacy of Brad Mauss and Daniel Popov to Serve as Class Representatives**

28       The identical declarations of Brad Mauss and Daniel Popov, prepared by

counsel, establish their competency to serve as class representatives. The declarations establish that they both read the initial complaint and, at least, the 6AC. They both declare their awareness that the federal securities claims arise under §§10(b) and 20(a) of the Securities Exchange Act of 1934 and are based upon the alleged materially false and "misleading statements and omissions of material fact concerning, among other things, NuVasive's fraudulent sales and marketing practices and compliance with healthcare fraud and abuse." (Popov Decl. ¶4; Mauss Decl. ¶4). Both declarations establish that they "have a fiduciary responsibility to the absent class members to oversee the litigation and ensure that counsel for plaintiffs prosecute the case vigorously and in the interest of all class members equally." (Popov Decl. ¶13; Mauss Decl. ¶13). The declarations also establish that they will vigorously prosecute this action.

In contrast to the competency demonstrated by Mauss and Popov in their declarations, Defendants rely upon their deposition testimony in seeking to establish that the proposed class representatives lack sufficient familiarity with the case such that they are inadequate class representatives.

In large part, NuVasive contends that Popov and Mauss have little understanding of the case, are overly reliant on counsel to prosecute the action, and are not informed of the status of the case. NuVasive cites deposition testimony to the effect that Popov and Mauss relied upon counsel to conduct an investigation, failed to show familiarity with the allegations supporting the federal securities claims, failed to maintain regular contact with counsel, and are not sufficiently informed or involved in directing the litigation. The court concludes that the lack of familiarity with certain legal and factual issues demonstrated by Plaintiffs in their depositions is insufficient to disqualify them from serving as class representatives.

At the outset the court highlights that federal securities litigation is, by its very nature, attorney-driven litigation. The complexity of the prototypical securities case involves an analysis of allegedly materially misleading statements or omissions made

by the company based upon an analysis of SEC filings, wire and press releases, analysts' reports and advisories about the company, and other information.  See 6AC at p.1.  Such an analysis is beyond the capabilities of most individuals and, in such cases, counsel play a critical role in investigating and prosecuting violations of the federal securities laws.  See In re Emulex Corp., 210 F.R.D. 717, 721 (C.D. Cal 2002) ("Plaintiffs' reliance on counsel to file documents and to investigate and litigate the case does not show a failure to supervise or an abdication of their duties as class representatives.").

Here, Popov and Mauss are adequate class representatives because (1) they are represented by competent counsel in Pomerantz and GPM who will vigorously prosecute this action;[1] (2) there are no identified conflicts between Plaintiffs, counsel, or the class; (3) they have demonstrated a general familiarity with the allegations in the case;[2] and (4) they have accepted the responsibilities to serve as class representatives (they have provided responsive documents to counsel, cooperated with counsel, appeared for deposition, kept themselves generally informed about material developments in the case, and represent that they will adequately represent the interests of the class).

/ / /

/ / /

/ / /

/ / /

_____

[1] From a practical perspective, at the conclusion of all but the largest of federal securities class actions, counsel are almost always the single largest recipient of funds from any recovery.  Counsel are thus incentivized to vigorously prosecute the action.

[2] This general familiarity does not require Plaintiffs to understand SEC filings such as Form 10-Ks and Form 10-Qs or to recite the elements of a federal securities claim.  Similarly, the representatives are not disqualified from serving as class representatives because of testimony showing a lack of knowledge concerning the physical location of the situs of the action, the judge assigned to the case, the specific alleged misstatements made in the 6AC, or the specific nature of the claims asserted against the individual defendants.

In sum, the court grants the motion for class certification,  appoints Brad Mauss and David Popov as class representatives, and appoints Pomerantz and GPM as class counsel.

**IT IS SO ORDERED.**

DATED:  March 22, 2017

Hon. Jeffrey T. Miller
United States District Judge

cc:        All parties