# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD MAUSS, individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NUVASIVE, INC.; ALEXIS V. LUKIANOV; KEVIN C. O'BOYLE; and MICHAEL J. LAMBERT,<br><br>Defendants. | CASE NO. 13cv2005 JM (JLB)<br><br>ORDER DENYING EX PARTE APPLICATION TO STAY ACTION PENDING APPEAL |

On April 4, 2017, Defendants NuVasive, Inc., Alexis V. Lukianov, Kevin C. O'Boyle, and Michael J. Lambert (collectively "Defendants") filed with the Ninth Circuit a Petition for Permission to Appeal under Fed.R.Civ.P. 23(f) ("Petition"). The Petition seeks discretionary appellate review of this court's March 22, 2017 Order Granting Motion for Class Certification ("Order"). In an opposed ex parte application, Defendants seek to stay this action pending resolution of the Rule 23(f) Petition.[1]

Fed.R.Civ.P. 23(f) provides that the Ninth Circuit may permit an appeal from an order on class certification. In order to prevail on the motion to stay, Defendants must show that their Rule 23(f) Petition raises a serious legal question and that they would

---
[1] The court incorporates its March 22, 2017 Order as if fully set forth herein.

be irreparably injured in the absence of a stay. The court also considers the public interest. See Astiana v. Kashi Co., No. 3:11cv01967 H(BGS), 2013 LEXIS 194823, at *10 (S.D. Cal. Sept. 18, 2013); Leiva-Perez v. Holder, 640 F.3d 962, 964 (9th Cir. 2011); Gray v. Golden Gate Nat'l Rec. Area, No. C 08-00722 EDL, 2011 U.S. Dist. LEXIS 149232, at *3 (N.D. Cal. Dec. 29, 2011). The factors are to be evaluated on a flexible continuum, but the serious legal question and the irreparable injury prongs are the most critical. Id. at 965; Li v. A Perfect Day Franchise, Inc., Case No.: 5:10-CV-01189-LK, 2011 U.S. Dist. LEXIS 60814, at *7-8 (N.D. Cal. June 8, 2011).

Here, Defendants' motion to stay is not well-founded because they fail to establish a serious legal question or that they would be irreparably harmed if a stay is not granted. The Order, in relative straight-forward fashion, applied binding Ninth Circuit precedent and concluded that Plaintiffs met their burden of establishing the adequacy of class counsel and the class representatives for purposes of Fed.R.Civ.P. 23(a). See Order at p.5:27 - 7:17. In large part, Defendants contend that the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §78U-4 et seq., raises the bar for putative class representatives to satisfy the adequacy prong of Rule 23(a). The Order rejected this assertion, as has the Ninth Circuit. See Order at p.5: 3 - 4; In re Cavanaugh, 306 F.3d 726, 739 (9th Cir. 2002) ("we cannot agree that the [PSLRA] was meant to 'raise the standard adequacy threshold'"). Accordingly, the court concludes that Defendants fail to raise a serious legal question.

Defendants also fail to establish irreparable harm. Defendants contend that they should not have to spend money on discovery because, if the Order is reversed on appeal, "it will fundamentally change the scope of this case." (Application at p.7:15-16). While individual damages are certainly less than class-wide damages, Defendants simply fail to explain how a denial of class certification will eliminate the necessity for discovery on Plaintiffs' individual claims. While issues related to damages may be simplified by the denial of class certification, issues with respect to liability remain. The minimal harm identified by Nuvasive does not support a stay of the action,

particularly where a stay would further delay resolution of Plaintiffs' nearly four-year quest for relief. Accordingly, the court rejects Defendants' contention of significant irreparable harm.

Finally, public interests caution against granting a stay of this action. This case is nearly four-years old and the public has an interest in the efficient prosecution of securities laws and seeking to hold alleged corporate wrongdoers accountable. This factor does not favor a stay.

In sum, the court denies the application to stay the action.

**IT IS SO ORDERED.**

DATED: April 27, 2017

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties