EXHIBIT 1

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD MAUSS, individually and on behalf of all other persons similarly situated, | CASE NO.  13-cv-2005-JM (JLB) |
| Plaintiff, | **CLASS ACTION** |
| v. | **STIPULATION OF SETTLEMENT** |
| NUVASIVE, INC.; ALEXIS V. LUKIANOV; KEVIN C. O'BOYLE; and MICHAEL J. LAMBERT, | |
| Defendants. | |

This Stipulation of Settlement, dated March 23, 2018  (the "Stipulation"), is made and entered into by and among the following Settling Parties to the above-entitled Litigation: (i) Lead Plaintiff Brad Mauss and Plaintiff Daniel Popov and (ii) Defendants NuVasive, Inc., Alexis V. Lukianov, and Michael J. Lambert, by and through their counsel of record in the Litigation. Subject to the approval of the Court, the Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Litigation and Released Claims us defined below, upon and subject to the terms and conditions hereof. All capitalized terms in this Stipulation shall have the meanings specified for them herein.

## I.    THE LITIGATION

On August 28, 2013, a purported class action captioned *Popov v. NuVasive, Inc., et al.*, was filed in this Court alleging claims under Sections 10(b) and 20(a) of the Securities Exchange Act against NuVasive, Inc., Alexis V. Lukianov, Kevin C. O'Boyle, and Michael J. Lambert.  On December 27, 2013, the Court appointed Plaintiff Brad Mauss as Lead Plaintiff and Pomerantz LLP as Lead Counsel.

Lead Plaintiff filed amended pleadings on February 13, 2014, December 23, 2014, and February 23, 2015.  While Defendants' Motion to Dismiss the Fourth Amended Complaint was pending, the Court requested that the parties submit supplemental briefing on the issue of loss causation.

On August 28, 2015, the Court held that the Fourth Amended Complaint adequately alleged falsity and scienter, but granted Defendants' motion to dismiss with

leave to amend to incorporate new factual and loss causation allegations.  Lead Plaintiff filed the Fifth Amended Complaint on September 11, 2015.  On July 12, 2016, following Defendants' Motion to Dismiss and the submission of supplemental authority and further briefing on loss causation, the Court, *inter alia*, denied Defendants' Motion to Dismiss.

On October 26, 2016, Lead Plaintiff filed the Sixth Amended Complaint, in order to add Daniel Popov as an additional named Plaintiff.  Plaintiffs subsequently moved to certify this Litigation as a class action in accordance with Federal Rule of Civil Procedure 23.

Discovery commenced, and the parties exchanged requests and began producing documents on a rolling basis.  Plaintiffs were deposed in connection with their motion for class certification, as were experts for both Plaintiffs and Defendants, respectively.

On March 22, 2017, the Court granted Plaintiffs' motion for class certification. Defendants filed a Petition for Permission to Appeal under Federal Rule of Civil Procedure 23(f), which was denied by the United States Court of Appeals for the Ninth Circuit on August 15, 2017.

Discovery remained ongoing, with depositions of fact and expert witnesses continuing through September 2017.  In total, over 200,000 pages of documents were produced; expert reports and rebuttal reports were exchanged; and over 20 fact witnesses and 4 expert witnesses were deposed.

On September 8, 2017, Defendants filed motions for summary judgment and to

exclude the testimony of Plaintiffs' expert on the issue of loss causation.

On October 19, 2017, the parties participated in a mediation session with Robert A. Meyer, Esq. at JAMS.  Prior to the mediation, the parties submitted comprehensive mediation statements setting forth the strengths and weaknesses of their case. The mediation session was not successful.

On October 23, 2017, at oral argument on Defendants' pending motions, the Court reset the schedule for pretrial proceedings and continued the trial date to April 9, 2018, finding that the outcome of the Ninth Circuit's decision in *Mineworkers' Pension Scheme, et al., v. First Solar Inc., et al*., Case No. 15-17282, could affect its ruling on the loss causation standard to be applied in deciding the motions.

On February 1, 2018, following the Ninth Circuit's ruling in *Mineworkers' Pension Scheme, et al., v. First Solar Inc., et al*., the Court denied Defendants' motions for summary judgment and to exclude the testimony of Plaintiffs' expert.

On February 13, 2018, the parties participated in another mediation session conducted by Mr. Robert Meyer.  The parties, with Mr. Meyer's assistance, reviewed the strengths and weaknesses of their cases, respectively, and exchanged counter-proposals throughout the day.  Ultimately, after extensive negotiation, the parties agreed to settle the Litigation for $7.9 million.

## II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Each Defendant has expressly denied and continues to deny all allegations of

wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Complaint. Specifically, Defendants have denied, and continue to deny, *inter alia*, that they made any false or misleading statements or omitted to state any facts to make any statements made by them not misleading and the allegations that Plaintiffs or the Class have suffered damages, that the price of NuVasive common stock was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, or that the Plaintiffs or the Class were harmed by the conduct alleged in the Complaint. The Defendants also assert certain defenses. Pursuant to the terms set forth below, this Stipulation shall in no event be construed as or deemed to be evidence of an admission or concession by Defendants with respect to any claim of fault, liability, wrongdoing, or damage whatsoever, may not be construed to contain any admission against the interests or the Defendants, and each of them, is governed by Fed. R. Evid. 408 and similar state Rules of evidence, and may be used only to effect a settlement of this Litigation.

Defendants have concluded that further litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Litigation. Defendants have, therefore, determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms

and conditions set forth in this Stipulation, without in any way acknowledging any wrongdoing, fault, liability or damage to Plaintiffs or the Class.

## III.    CLAIMS OF PLAINTIFFS AND BENEFITS OF SETTLEMENT

Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims asserted. However, counsel for Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals, Plaintiffs have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, and the difficulties and delays inherent in such litigation. Plaintiffs are mindful of the inherent problems of proof under and possible defenses to the claims of securities law violations asserted in the Litigation. Plaintiffs have also considered issues of judgment collectability and the wasting nature of Defendants' insurance coverage. Plaintiffs believe that the Settlement set forth in the Stipulation confers substantial benefits upon the Class.

Based on their evaluation, Plaintiffs and counsel for Plaintiffs have determined that the Settlement set forth in the Stipulation is in the best interests of Plaintiffs and the Class and, therefore, determined that it is desirable and beneficial to Plaintiffs and the Class that the Litigation be settled upon the terms and conditions set forth in this Stipulation.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs (for themselves and the Class Members) and Defendants, and each of them, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled and released, and the Litigation shall be dismissed with prejudice, upon and subject to the terms and conditions of the Stipulation as follows.

### 1.    Definitions

As used in the Stipulation, the following terms have the meanings specified below.  In the event of any inconsistency between any definition set forth below and any definition set forth in any document attached as an exhibit to this Stipulation, the definition set forth below shall control.

1.1    "Authorized Claimant" means any Class Member who, in accordance with the terms of this Stipulation, is entitled to a distribution from the Settlement Fund pursuant to any Plan of Allocation or any order of the Court.

1.2    "NuVasive" or the "Company" means NuVasive, Inc.

1.3    "Claims Administrator" means Strategic Claims Services, which is the third party administrator retained by Lead Counsel to provide notice to the Class Members and administer the Settlement.

6

1.4     "Class" means, for purposes of this Settlement only, all persons other than Defendants who purchased or otherwise acquired NuVasive securities between October 22, 2008 and July 30, 2013, inclusive, and who were damaged thereby. Excluded from the Class are any parties who are or have been Defendants in this litigation, the present and former officers and directors of NuVasive and any subsidiary thereof, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any current or former Defendant has or had a controlling interest.

1.5     "Class Member" or "Member of the Class" means a Person who falls within the definition of the Class as set forth in ¶1.4 above and who does not validly request exclusion from the Class in accordance with the procedures to be established by the Court in connection with the approval of this Stipulation and the Settlement.

1.6     "Class Period" means the period between October 22, 2008 and July 30, 2013, inclusive.

1.7     "Complaint" means the Sixth Amended Class Action Complaint.

1.8     "Court" means the United States District Court for the Southern District of California.

1.9     "Defendants" means NuVasive, Inc., Alexis V. Lukianov, and Michael J. Lambert.

1.10     "Defendants' Counsel" means the law firms of DLA Piper LLP (US) and Paul Hastings LLP.

7

1.11   "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of this Stipulation have been met and have occurred.

1.12   "Escrow Agent" means Huntington Bank.

1.13   "Final" means, with respect to any order of the Court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise. Without limitation, an order becomes "Final" when:  (a) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (b) an appeal has been filed and either (i) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (ii) the order has been affirmed in its entirety and the prescribed time, if any, for commencing any further appeal has expired; or (c) there has been a final adjudication within the meaning of the Federal Rules of Civil Procedure, the Federal Rules of Appellate Procedure, and federal law.  For purposes of this paragraph, an "appeal" includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving writs of *certiorari* or mandamus, and any other proceedings of like kind.  Any appeal or other proceeding pertaining to any order adopting or approving a Plan of Allocation, or to any order issued in respect of an application for attorneys' fees and expenses, or to an order issued in respect to an application for reimbursement of Plaintiffs' expenses, pursuant to ¶¶6.1 and 6.2 below, shall not in any way delay or preclude the Judgment from becoming Final.

1.14   "NuVasive's Counsel" means the law firm of DLA Piper LLP (US).

1.15   "Individual Defendants" means Alexis V. Lukianov and Michael J. Lambert.

1.16   "Judgment" means the judgment to be rendered by the Court, in the form attached as Exhibit B hereto.

1.17   "Plaintiffs" means Lead Plaintiff Brad Mauss and Plaintiff Daniel Popov.

1.18   "Litigation" means the action captioned *Mauss v. NuVasive, Inc., et al.*, Case No. 13-cv-2005-JM (JLB), United States District Court, Southern District of California.

1.19   "Person" means an individual, corporation, limited liability company, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity together with their spouses, heirs, predecessors, successors, representatives, or assignees of any of the foregoing.

1.20   "Lead Counsel" or "Class Counsel" means the law firm of Pomerantz LLP.

1.21   "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund, to be approved by the Court, whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of or provision for expenses of notice and administration of the Settlement, Taxes and Tax Expenses, and such attorneys' fees,

9

costs, expenses, and interest, and awards to Lead Plaintiffs, as may be awarded by the Court.  Any Plan of Allocation is not part of the Stipulation and the Released Persons shall not have any responsibility or liability with respect thereto.

1.22   "Proof of Claim and Release" means the form to be sent to Class Members, in the form attached as Exhibit A-2 hereto, upon further order(s) of the Court, by which any Class Member may make claims against the Settlement Fund for damages allegedly incurred by reason of their investment(s) in NuVasive common stock.

1.23   "Released Claims" means any and all past or present claims (including Unknown Claims), complaints, demands, losses, obligations, judgments, suits, matters, rights, liabilities, allegations of liability, restitution, and causes of action of every kind or nature whatsoever (including, but not limited to, all claims for damages, interest, attorneys' fees and expert consulting fees and all other costs, expenses and liabilities whatsoever), whether based at law or in equity, on federal, state, local, foreign, statutory or common law or on any other law, rule, or regulation (including, but not limited to, any claims arising under federal, state or foreign law, common law, statute, rule, or regulation arising out of or relating to any acts, failures to act, representations, omissions, disclosures, public filings with the Securities and Exchange Commission or any other regulatory agency or body, registration statements, press releases, financial statements, audit opinions, or other statements of any kind by the Released Parties, and each of them, and those people acting under their control, including without limitation,

claims for negligence, gross negligence, constructive or actual fraud, violations of the federal or state securities laws, negligent misrepresentation, conspiracy, or breach of fiduciary or any other duty), whether known or unknown, concealed or hidden, accrued or not accrued, foreseen or unforeseen, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, asserted or unasserted, matured or not matured, that were asserted or that could have been asserted directly, indirectly, representatively or in any other capacity, at any time, in any court, tribunal, forum or proceeding by Plaintiffs or any Member of the Class in their individual or representative capacity against the Released Persons arising out of or based upon the purchase, acquisition, sale, or disposition of any publicly traded shares of common stock of NuVasive by any Plaintiff during the Class Period; the allegations that were made or could have been made in the Litigation; and any of the facts, transactions, events, occurrences, disclosures, statements, acts, omissions or failures to act which were or that could have been asserted by Plaintiffs or any Member of the Class in their individual or representative capacity in the Litigation.  "Released Claims" do not include claims to enforce the Settlement.

1.24   "Released Persons" means each and all of the Defendants, their past, present and future directors, officers, partners, members, employees, controlling shareholders, present and former attorneys, accountants, consultants, financial or investment advisors, commercial bankers, underwriters, banks or investment banks, advisors, engineers, principals or agents (including, without limitation, those acting on

11

behalf of or at the direction of Defendants), personal or legal representatives, estates, insurers, reinsurers, predecessors, successors, parent entities, affiliates, subsidiaries, divisions, assigns, spouses, heirs, devisees, executors, trustees, administrators, or related or affiliated entities, any partnership in which a Defendant is a general or limited partner, any entity in which a Defendant has a controlling interest, any member of an Individual Defendant's immediate family, or any trust or foundation of which any Defendant is the settlor or which is for the benefit of any Individual Defendant and/or member(s) of his family.  Insurers providing director and officer insurance coverage to present and former directors and officers of NuVasive ("Insurers" or "Insurer") are expressly included in the definition of Released Persons.

      1.25  "Settlement" means the settlement of the Litigation contemplated by this Stipulation.

      1.26  "Settlement Fund" means seven million nine hundred thousand dollars ($7,900,000.00), plus all interest that accrues in the Settlement Fund, and accretions thereto, from the date on which NuVasive deposits the $7,900,000.00 with the Escrow Agent, and which may be reduced by payments or deductions as provided herein or by Court order.

      1.27  "Settling Parties" means, collectively, Defendants and Plaintiffs on behalf of themselves and the Members of the Class.

1.28    "Unknown Claims" means any and all Released Claims which Plaintiffs or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement.  Unknown Claims include those claims in which some or all of the facts comprising the claim may be suspected, or even undisclosed, concealed, or hidden.  Notwithstanding the choice of law provisions in this Stipulation, with respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable or equivalent in effect to California Civil Code §1542.  Plaintiffs and Class Members

13

may hereafter discover facts in addition to or different from those which he, she or it

now knows or believes to be true with respect to the subject matter of the Released

Claims, but Plaintiffs shall expressly and each Class Member, upon the Effective Date,

shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and

forever settled and released any and all Released Claims, known or unknown, suspected

or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which

now exist, or heretofore have existed, upon any theory of law or equity now existing,

heretofore have existed, or come into existence in the future, including, but not limited

to, conduct which is negligent, reckless, intentional, with or without malice, or a breach

of any duty, law, rule or regulation, without regard to the subsequent discovery or

existence of such different or additional facts.  Plaintiffs acknowledge, and the Class

Members shall be deemed by operation of the Judgment to have acknowledged, that the

foregoing waiver was separately bargained for and a key element of the Settlement of

which this release is a part.

**2.     The Settlement**

**a.      The Settlement Fund**

2.1     In consideration of the full and final release, settlement and discharge of all

Released Claims against the Released Parties, within fifteen (15) Business Days after

receiving written notice that the Court has entered the Preliminary Approval Order,

NuVasive shall cause the Insurers to transfer the principal amount of the Settlement

Fund ($7,900,000.00) by wire transfer or check, to the Escrow Agent. If the entire settlement amount is not timely transferred to the Escrow Agent, Lead Plaintiffs reserve all available remedies, including the possible termination of the Settlement.  A condition precedent for the beginning of the running of the time period for payment is receipt by the Defendants of complete payment instructions, including a W-9 form and wire transfer authorizations required by NuVasive's insurance carriers.

### b.    The Escrow Agent

2.2    The Escrow Agent shall invest the Settlement Fund, transferred pursuant to ¶2.1 hereof, in instruments either fully insured or backed by the full faith and credit of the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund shall be borne by the Settlement Fund and not by any of the Defendants, Defendants' Counsel or the Released Persons.

2.3    The Escrow Agent shall permit Class Counsel or the Claims Administrator to withdraw up to two hundred fifty thousand dollars ($250,000.00) from the Settlement Fund upon funding of the Settlement Fund by or on behalf of NuVasive, as set forth in ¶2.1, to be used to pay the reasonable costs of providing notice of the Settlement to the Class, as well as customary administration costs.  Other than amounts disbursed for providing notice to the Class, customary administration costs, Taxes and Tax Expenses,

15

the Fee and Expense Award (which shall be paid to Class Counsel immediately following the Court's execution of an order awarding such fees and expenses) and any awards granted to Lead Plaintiffs, the Settlement Fund shall not be distributed until the Settlement is reduced to a final, non-appealable judgment, subject to the provisions of ¶2.4.

2.4     Subject to further order(s) and/or direction(s) as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation.

2.5     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

2.6     The Escrow Agent shall not be responsible for the payment of any sums due to Authorized Claimants or other Persons, except to the extent of maintaining account of and appropriately paying sums as required by this Stipulation, but only to the limited extent that such sums have been delivered into the Escrow Account as required by this Stipulation.  The Escrow Agent shall be liable only for acts of gross negligence or willful misconduct.

**c.     Taxes**

2.7      (a)      The Settling Parties agree that the Settlement Fund is intended to be a "qualified settlement fund" for purposes of §468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.  The Escrow Agent and the Settling Parties shall timely make such elections as are necessary or advisable to carry out the provision of this ¶2.7, including, without limitation, the "relation-back election" described in Treas. Reg. §1.468B-1 back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to prepare and deliver timely and properly the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)      The Escrow Agent shall be the Settlement Fund's "administrator" as that term is used in Treas. Reg. §1.468B-2.  As administrator, the Escrow Agent shall satisfy the administrative requirements imposed by Treas. Reg. §1.468B-2 by, *e.g.*, (i) obtaining a taxpayer identification number, (ii) satisfying any information reporting or withholding requirements imposed on distributions from the Settlement Fund, and (iii) timely and properly filing applicable federal, state or local tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)) and paying any taxes reported thereon.  Such returns (as well as the election described in this ¶2.7) shall be consistent with this ¶2.7 and in all events shall reflect that all Taxes, as defined in subsection (c) below, on the

17

income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.7(c) hereof.

(c)    All (i) taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including, without limitation, any taxes or tax detriments that may be imposed upon Defendants with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes (collectively, "Taxes"), and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.7, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.7 (collectively, "Tax Expenses"), shall be paid out of the Settlement Fund; in all events neither Defendants nor their counsel shall have any liability or responsibility for the Taxes or the Tax Expenses.  With funds from the Settlement Fund, the Escrow Agent shall indemnify and hold harmless Defendants and their counsel for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall timely be paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to

18

withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither Defendants nor their counsel are responsible therefor, nor shall they have any liability therefor.  The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.7.

### 3.   Notice Order and Settlement Hearing

3.1     Promptly after execution of this Stipulation, the Settling Parties shall submit the Stipulation to the Court and shall apply for entry of an order (the "Notice Order") attached hereto as Exhibit A, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation, approval for the mailing of a settlement notice (the "Notice") in the form attached as Exhibit A-1 hereto, and publication of a summary notice (the "Summary Notice") in the form attached as Exhibit A-3 hereto.  The Notice shall include the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application (defined below), and the date of the Settlement Hearing as defined below.  Defendants do not take any position as to the proposed Plan of Allocation.

3.2     Class Counsel shall request that, after Notice is given, the Court hold a hearing (the "Settlement Hearing") at which time Class Counsel shall request that the Court finally approve the Settlement of the Litigation as set forth herein.

3.3     At the Settlement Hearing, the Settling Parties shall jointly request entry of a Judgment in the form attached hereto as Exhibit B:

(a)     finally approving the Settlement as fair, reasonable, and adequate, within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and directing its consummation pursuant to its terms;

(b)     directing that the Litigation be dismissed with prejudice; directing that the Settling Parties are to bear their own costs, except as otherwise provided in this Stipulation; and releasing the Released Claims;

(c)     permanently barring and enjoining the institution and prosecution, by Plaintiffs and the Class Members, of any other action against the Released Persons in any court or other tribunal, forum, or proceeding, asserting any Released Claims;

(d)     reserving jurisdiction over the Litigation, including all future proceedings concerning the administration, consummation, and enforcement of this Stipulation;

(e)     finding that the Complaint and all iterations thereof in the Litigation were filed on a good faith basis in accordance with the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 11 of the Federal Rules of Civil

20

Procedure;

(f)     finding, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, that there is no just reason for delaying and directing entry of a final

judgment; and

(g)     containing such other and further provisions consistent with the terms

of this Stipulation to which the Settling Parties expressly consent in writing.

3.4     At or after the Settlement Hearing, Class Counsel also will request that the

Court approve the proposed Plan of Allocation, the Fee and Expense Application, the

request for reimbursement of Plaintiffs' expenses and the granting of awards to Lead

Plaintiffs.

**4.     Releases and Bar Order**

4.1     Upon the Effective Date, Plaintiffs and each of the Class Members, for

themselves and for each of their respective officers, directors, shareholders, employees,

agents, spouses, subsidiaries, heirs at law, successors and assigns, and any other Person

claiming (now or in the future) through or on behalf of them, and regardless of whether

any such Plaintiff or Class Member ever seeks or obtains by any means, including,

without limitation, by submitting a Proof of Claim and Release, any distribution from the

Settlement Fund, shall be deemed to have, and by operation of the Judgment shall have,

fully, finally, and forever released, relinquished, and discharged all Released Claims

against the Released Persons and shall have covenanted not to sue the Released Persons

21

with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any Released Claims against the Released Persons except to enforce the releases and other terms and conditions contained in this Stipulation or the Judgment entered pursuant thereto.

4.2     Upon the Effective Date, each of Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Class (except any Class Member who opts out of the Settlement), Plaintiffs and Plaintiffs' counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims except to enforce the releases and other terms and conditions contained in this Stipulation or any Court order (including, but not limited to, the Judgment) entered pursuant thereto.

4.3     Upon the Effective Date, in accordance with Section 21D(f)(7)(A) of the Exchange Act, 15 U.S.C. § 78u-4(f)(7)(A), each of the Defendants by virtue of this Judgment is discharged from all claims for contribution that have been or may hereafter be brought by or on behalf of any Persons based upon, or arising out of, the Released Claims.  Accordingly (i) any and all Persons are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim for contribution, equitable indemnity, restitution or damages against any of the Released Persons based upon, or arising out of, the Released Claims, and (ii) the Released Persons are hereby

permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any claim for contribution, equitable indemnity, restitution or damages against any Person based upon, or arising out of, the Released Claims.

## 5. Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund

5.1     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund (defined below) to Authorized Claimants pursuant to the Plan of Allocation.

5.2     The Settlement Fund shall be applied as follows:

(a)     to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any;

(b)     to pay the Taxes and Tax Expenses described in ¶2.7 hereof;

(c)     after entry of the Judgment, to pay counsel to the Plaintiffs attorneys' fees and expenses with interest thereon (the "Fee and Expense Award"), and to pay awards to the Lead Plaintiffs, if and to the extent allowed by the Court; and

(d)     to distribute the balance of the Settlement Fund (the "Net Settlement

23

Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or order of the Court.

5.3    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

5.4    Within one hundred-twenty (120) calendar days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form attached as Exhibit A-2 hereto, signed under penalty of perjury, and supported by such documents as are specified in the Proof of Claim and Release and as are reasonably available to such Person.

5.5    Except as otherwise ordered by the Court, any and all Class Members who fail to timely submit a Proof of Claim and Release within the period described in ¶5.4, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment including, but not

limited to, having all of their claims and causes of action, however denominated, fully and finally released and discharged as provided in ¶4.1 of this Stipulation. Notwithstanding the foregoing, Class Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

5.6    The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  Any such Plan of Allocation is not a part of this Stipulation.  No funds from the Net Settlement Fund shall be distributed to Authorized Claimants until the Effective Date.  If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), Class Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion.  Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to the San Diego Volunteer Lawyer Program, a §501(c)(3) organization.

5.7    Neither the Released Persons nor their counsel shall have any responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Settlement Fund or Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection with any such matters.  The Released Persons shall have no

responsibility for or involvement with the selection of the Claims Administrator, the claims administration process or the Plan of Allocation of the Settlement proceeds, and they shall not object to the proposed Plan of Allocation.  Plaintiffs and each Class Member hereby fully, finally, and forever release, relinquish, and discharge the Released Persons and their counsel from any and all such liability.

5.8    No Person shall have any claim against Plaintiffs, Class Counsel, the Claims Administrator, or their counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.9    No Person shall have any claim whatsoever against the Defendants, Defendants' Counsel or any of the Released Persons arising from or related to any distributions made, or not made, from the Settlement Fund or the Net Settlement Fund. No Person shall have any claim against the Defendants, Defendants' Counsel or any of the Released Persons arising from or relating to the management of or the disposition of the Settlement Fund or the Net Settlement Fund, and Plaintiffs and each Class Member hereby fully, finally, and forever release, relinquish, and discharge the Defendants, Defendants' Counsel and the Released Persons from any and all such liability.

5.10   None of the Defendants, the Released Persons or Defendants' Counsel shall have any responsibility for or liability whatsoever with respect to:  (i) any act, omission or determination of Lead Counsel, the Escrow Agent or the Claims Administrator, or any

of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation or payment of any claims asserted against the Net Settlement Fund; or (v) the payment or withholding of any taxes, expenses and/or costs incurred in connection with the taxation of the Net Settlement Fund or the filing of any returns.

5.11   It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation.  The time to appeal from approval of the Settlement shall commence upon the Court's entry of the Judgment regardless of whether a Plan of Allocation has been submitted to the Court or has been approved.

5.12   All Persons who fall within the definition of Class Members shall be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment with respect to all Released Claims, regardless of whether such

Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

## 6.   Class Counsel's Attorneys' Fees and Expenses

6.1   Lead Counsel may submit an application or applications (a "Fee and Expense Application") for payments to Lead Counsel from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) reimbursement of actual costs and expenses, including without limitation the fees and expenses of experts, consultants, and investigators incurred in connection with prosecuting the Action. Lead Counsel reserves the right to make additional applications for fees and expenses incurred, if necessary.

6.2   Any award of attorneys' fees, costs, and expenses approved by the Court ("Fee and Expense Award") shall be payable to Lead Counsel, for distribution by Lead Counsel in its sole discretion among itself and other Plaintiffs' counsel that were involved in the Action, solely from the Settlement Fund no later than ten (10) business days after the entry of the Court's order awarding such fees and expenses, notwithstanding any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to the joint and several obligation of all counsel who receive any award of attorneys' fees and costs to refund such award to the Settlement Fund, plus interest earned thereon if, as a result of any

28

appeal and/or further proceedings on remand or successful collateral attack, the award is lowered or the Settlement is disapproved by a final order.

6.3    If the Fee and Expense Award is reduced or reversed on appeal, Lead Counsel and any other Plaintiffs' counsel to whom Lead Counsel has distributed payments shall make all necessary refunds and repayments into the Settlement Fund no later than thirty (30) calendar days after Plaintiffs' counsel's receipt from the Court of notice of any order that reverses or reduces any award of attorneys' fees or expenses, which shall be distributed by the Escrow Agent to the Class pursuant to the manner directed in the Final order.

6.4    The Fee and Expense Application is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation.  Any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action.The Released Persons shall have no responsibility for, and no liability whatsoever with respect to, any payment of any type or nature whatsoever, including attorneys' fees and expenses, to Plaintiffs' counsel, except as provided for herein.  The Released Persons do not and shall not take any position as to Class Counsel's request for attorneys' fees and expenses and/or Class Counsel's request for

awards and/or the reimbursement of Plaintiffs' reasonable costs and expenses (including lost wages) directly related to their representation of the Class in this Litigation.

6.5     The Released Persons shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Plaintiffs' counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation, and the Released Persons take no position with respect to such matters.

## 7.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination

7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     NuVasive has or its Insurers have timely made or caused to be made their contributions to the Settlement Fund, as required by ¶2.1 hereof;

(b)     the Court has entered the Notice Order, as required by ¶3.1 hereof;

(c)     the Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and has entered the Judgment; and

(d)     the Judgment has become Final, as defined in ¶1.13 hereof.

7.2     Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of Defendants or their Insurers who funded the Settlement Fund in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.

If any of the conditions specified in ¶7.1(a) or ¶7.1(b) or ¶7.1(c) hereof are not met, or if the condition in ¶7.1(d) is not met and there is no longer any possibility that the condition in ¶7.1(d) can be met, then the Stipulation shall be canceled and terminated subject to ¶7.3 hereof unless Class Counsel and Defendants' Counsel mutually agree in writing to proceed with the Settlement.

7.3     Unless otherwise ordered by the Court, in the event the Effective Date does not occur or this Stipulation shall terminate, or be canceled, or otherwise fail to become effective for any reason, including, without limitation, in the event that the Settlement as described herein is not approved by the Court or the Judgment is reversed or vacated following any appeal taken therefrom, then:

(a)     within fifteen (15) business days after written notification of such event is sent by Defendants' Counsel or Class Counsel to the Escrow Agent, the Settlement Fund (including accrued interest) plus any amount then remaining in the funds provided to the Claims Administrator for Notice and administrative costs, less expenses and any costs which have either been properly disbursed pursuant to ¶2.3 or ¶2.7 hereof, or are due and owing pursuant to ¶2.3or ¶2.7, and Taxes and Tax Expenses that have been paid or that have accrued and will be payable at some later date, will be refunded, reimbursed, and repaid by the Escrow Agent to NuVasive and/or its Insurers that funded the Settlement Fund severally in amounts proportional to each entity's funding of the Settlement Fund; if said amount or any portion thereof is not returned

within such fifteen (15) day period, then interest shall accrue thereon at the same rate as earned by the Settlement Fund until the date that said amount is returned;

   (b) at the request of counsel for NuVasive, the Escrow Agent or its designee shall apply for any Tax refund owed on the Settlement Fund and pay the proceeds to NuVasive and/or its Insurers that funded the Settlement Fund severally in amounts proportional to each entity's funding of the Settlement Fund, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund pursuant to such written request;

   (c) the Settling Parties shall be restored to their respective positions in the Litigation as of December 12, 2013, with all of their respective claims and defenses preserved as they existed on that date;

   (d) the terms and provisions of the Stipulation shall be null and void and shall have no further force and effect with respect to the Settling Parties, with the exception of ¶¶1.1-1.29, 2.3, 2.7 and 7.3, hereof, and neither the existence nor the terms of this Stipulation (nor any negotiations preceding this Stipulation nor any acts performed pursuant to, or in furtherance of, this Stipulation) shall be used in this Litigation or in any other proceeding for any purpose; and

   (e) any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

7.4     If the Court does not enter the Judgment in the form attached as Exhibit B hereto, or if the Court enters the Judgment and appellate review is sought and, on such review, the entry of the Judgment is finally vacated, modified, or reversed, then this Stipulation and the Settlement incorporated therein may be cancelled and terminated by one of the Settling Parties, unless all parties who are adversely affected thereby, in their sole discretion within thirty (30) days from the date of the mailing of such ruling to such parties, provide written notice to all other parties hereto of their intent to proceed with the Settlement under the terms of the Judgment as modified by the Court or on appeal. Such notice may be provided on behalf of Plaintiffs and the Class Members by Class Counsel.  No Settling Party shall have any obligation whatsoever to proceed under any terms other than substantially in the form provided and agreed to herein; provided, however, that no order of the Court to the extent it addresses or concerns any Fee and Expense Application or Plan of Allocation, or any modification or reversal on appeal of such order, shall constitute grounds for cancellation or termination of this Stipulation by any Settling Party.  Without limiting the foregoing, Defendants shall have, in their sole and absolute discretion, the option to terminate the Settlement in its entirety in the event that the Judgment, upon becoming Final, will not or does not provide for the dismissal with prejudice of the Litigation against them.

7.5     If, prior to the Settlement Hearing, any Persons who otherwise would be Class Members have validly requested exclusion from the Class ("Requests for

Exclusion") in accordance with the provisions of the Notice or Notice Order, and such Persons, in the aggregate, during the Class Period purchased equal to or more than a certain percentage of the aggregate damages recoverable by all Authorized Claimants to be negotiated by the Settling Parties and specified in a separate, confidential supplemental agreement to this Stipulation of Settlement (the "Supplemental Agreement"), then Defendants shall have, in their sole and absolute discretion, the option to terminate this Stipulation on behalf of all Settling Parties in accordance with the procedures set forth in the Supplemental Agreement.  Class Counsel shall, however, have an opportunity to seek retraction of any Request for Exclusion until the deadline for such retractions as set forth in the Notice or Notice Order.  The Supplemental Agreement shall not be filed with the Court.  If required by the Court, the Settling Parties shall request that the Supplemental Agreement and/or any of its terms be disclosed only *in camera* to the Court for purposes of approving the Settlement, and that such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Agreement, particularly the threshold percentage amount of NuVasive common stock specified in the Supplemental Agreement.  Defendants may request from time to time summaries or copies of any or all Requests for Exclusion received, together with all written revocations of Requests for Exclusion, which shall be delivered to Defendants' Counsel promptly upon request.  A listing of all persons who have validly requested exclusion

from the Class shall be provided to Defendants and the Court in connection with and at the time of the Settlement Hearing.

7.6    If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither the Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly disbursed as provided in this Stipulation.  In addition, any expenses already incurred pursuant to ¶2.3, ¶2.7 or otherwise hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶7.3 hereof.

**8.    Miscellaneous Provisions**

8.1    The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.2    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them.  The Settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.

8.3    While Defendants deny that the claims advanced in the Litigation were meritorious, they will not assert in any public statement that the Litigation was not filed

in good faith and/or is not being settled voluntarily after consultation with competent

legal counsel.  The Judgment will contain a finding that, during the course of the

Litigation, the parties and their respective counsel at all times complied with the

requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the

amount paid to the Settlement Fund and the other terms of the Settlement were

negotiated in good faith by the Settling Parties and reflect a settlement that was reached

voluntarily after consultation with competent legal counsel and with the assistance of

Robert A. Meyer, Esq. of JAMS.  The Settling Parties reserve their right to rebut, in a

manner that such party determines to be appropriate, any contention made in any public

forum that the Litigation was brought or defended in bad faith or without a reasonable

basis.

   8.4 Neither this Stipulation nor the Settlement contained herein, nor any act

performed or document executed pursuant to or in furtherance of this Stipulation or the

Settlement: (a) is or may be deemed to be or may be used as an admission of, or

evidence of, the validity of any Released Claim, any allegation made in the Litigation, or

any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or may be

used as an admission of, or evidence of, any liability, fault, or omission of any of

Defendants in any civil, criminal, or administrative proceeding in any court,

administrative agency, or other tribunal.  Neither this Stipulation nor the Settlement, nor

any act performed or document executed pursuant to or in furtherance of this Stipulation

or the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that Defendants may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.5     Notwithstanding any other provision in this Stipulation, the Defendants hereby retain and do not release any and all rights under any policies of insurance.

8.6     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.7     The Stipulation constitutes the entire agreement among the parties hereto and no representations, warranties, or inducements have been made to any party concerning the Stipulation other than the representations, warranties, and covenants contained and memorialized in such documents.  It is understood by the Settling Parties that, except for the matters expressly represented herein, the facts or law with respect to which this Stipulation is entered into may turn out to be other than or different from the facts now known to each party or believed by such party to be true; each party therefore expressly assumes the risk of the facts or law turning out to be so different, and agrees that this Stipulation shall be in all respects effective and not subject to termination by

reason of any such different facts or law.  Except as otherwise provided herein, each party shall bear her, his, or its own costs.

8.8     The Settling Parties agree to submit any disputes that might arise regarding the interpretation or application of this Stipulation to Robert A. Meyer of JAMS for resolution as a sole arbitrator, under arbitration rules to be promulgated by him in his sole discretion, and the Settling Parties agree to be bound by Mr. Meyer's decision.

8.9     Class Counsel, on behalf of the Class, is expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.  Plaintiffs and Class Counsel represent and warrant that none of Plaintiffs' claims or causes of action referred to herein or that could have been alleged in the Litigation have been assigned, encumbered or in any manner transferred in whole or in part.

8.10    Each counsel or other Person executing the Stipulation and any documents prepared in furtherance of the Stipulation on behalf of any party hereto hereby represents and warrants that such Person has the full authority to do so and has the authority to bind the party on whose behalf they are executing this Stipulation.  The performance by any Class Member and the Settling Parties of their obligations under this Stipulation have been duly authorized and any necessary third-party consents, if any, have been obtained.

8.11   The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument, each of which shall be deemed an original notwithstanding that all of the parties hereto are not signatories to the same counterpart.  A complete set of executed counterparts shall be filed with the Court.  The Settling Parties agree that facsimile or scanned signatures shall have the same force and effect as original signatures.

8.12   The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto, including any corporation or other entity into or with which any party merges, consolidates, or reorganizes or has merged, consolidated, or reorganized.

8.13   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties and counsel for the parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

8.14   This Stipulation shall be governed by, and interpreted according to, the laws of the State of California, excluding its conflict of laws provisions.

8.15   All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of March ___, 2018.


By: _____
Jeremy A. Lieberman
Michele S. Carino
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, New York 10016
Tel: (212) 661-1100
Fax. (212) 661-8665
*Lead Counsel for Plaintiffs*

By: _____
Robert W. Brownlie
Noah A. Katsell
Kellin M. Chatfield
**DLA PIPER LLP (US)**
401 B Street Suite 1700
San Diego, California 92101
Tel: (619) 699-2700
Fax: (619) 699-2701
*Attorneys for Defendants*
*NuVasive, Inc. and Michael J.*
*Lambert*


By _____
Christopher H. McGrath
Raymond W. Stockstill
**PAUL HASTINGS LLP**
4747 Executive Drive  12th Floor
San Diego, California 92121
Tel: (858) 458-3000
Fax: (858) 458-3005
*Attorneys for Defendant*
*Alexis V. Lukianov*

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be

executed, by their duly authorized attorneys, dated as of March 23, 2018.

By:_____

Jeremy A. Lieberman
Michele S. Carino
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, New York 10016
Tel: (212) 661-1100
Fax. (212) 661-8665
*Lead Counsel for Plaintiffs*

By:_____

Robert W. Brownlie
Noah A. Katsell
Kellin M. Chatfield
**DLA PIPER LLP (US)**
401 B Street Suite 1700
San Diego, California 92101
Tel: (619) 699-2700
Fax: (619) 699-2701
*Attorneys for Defendants
NuVasive, Inc. and Michael J.
Lambert*

By_____

Christopher H. McGrath
Raymond W. Stockstill
**PAUL HASTINGS LLP**
4747 Executive Drive  12th Floor
San Diego, California 92121
Tel: (858) 458-3000
Fax: (858) 458-3005
*Attorneys for Defendant
Alexis V. Lukianov*

40