# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**SAN DIEGO DIVISION**

| | |
|---|---|
| BRAD MAUSS, Individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>NUVASIVE, INC., ALEXIS V. LUKIANOV, KEVIN C. O'BOYLE and MICHAEL J. LAMBERT,<br><br>                    Defendants. | Case No. 13-cv-2005-JM (JLB)<br><br>Hon. Jeffrey T. Miller |

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**If you purchased NuVasive, Inc. securities between October 22, 2008 and July 30, 2013, you could get a payment from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*
*This is not a notice that you have been sued.*

- The proposed Settlement, if approved by the Court, will provide $7.9 million (approximately $0.23 per share) to pay claims from investors who bought NuVasive, Inc. securities between October 22, 2008 and July 30, 2013, both dates inclusive (the "Class Period").

- The Settlement resolves a lawsuit concerning whether NuVasive, Inc. ("NuVasive" or the "Company"), and certain of its officers and directors, made false and misleading statements concerning the NuVasive's compliance with federal healthcare fraud and abuse laws. Defendants NuVasive, Alexis V. Lukianov and Michael J. Lambert (the "Individual Defendants," and together with NuVasive, the "Defendants") deny all allegations of misconduct. The two sides disagree on whether the investors could have won at trial, and if so, how much money they could have won.

- Court-appointed lawyers for investors will ask the Court for up to $2.37 million in attorneys' fees (approximately 30% of the Settlement) and up to $900,000 in reimbursement for expenses for their work litigating the case and negotiating the Settlement. They will also ask for an award to the two Class Representatives, not to exceed $10,000 each, for their reasonable costs and expenses. If approved by the Court, these amounts (totaling approximately $0.09 per share) will be paid from the Settlement Fund.

- The estimated average recovery, after deducting attorneys' fees and expenses, administrative costs, and Class Representative awards of reasonable costs and expenses (if approved by the Court), is $0.13 per share.

- The Court has not yet approved the Settlement. Payments will be made only if the Court approves the Settlement and after any appeals are resolved. Please be patient.

- **Your legal rights will be affected whether you act or don't act.** If you do not act, you may permanently forfeit your right to recover on this claim. **Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | Fill out the attached Proof of Claim and Release Form and submit it no later than \_\_\_\_\_, 2018. **This is the only way to get a payment.** |
| **EXCLUDE YOURSELF FROM THE CLASS** | Submit a request for exclusion no later than \_\_\_\_\_, 2018. This is the only way you can ever be part of any other lawsuit against Defendants about the legal claims in this case. **If you exclude yourself, you will receive no payment and cannot object or speak at the hearing**. |
| **OBJECT** | Write to the Court no later than \_\_\_\_\_, 2018 about why you do not like the Settlement. You can still submit a claim form. If the Court approves the Settlement, you will be bound by it. |
| **GO TO THE HEARING** | Ask to speak in Court about the fairness of the Settlement at the hearing on \_\_\_\_\_, 2018. You can still submit a claim form. If the Court approves the Settlement, you will be bound by it. |
| **DO NOTHING** | **Get no payment AND give up your rights to bring your own individual action.** |

2

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**

1. Why did I receive this notice package?
2. What is this lawsuit about?
3. Why is this a class action?
4. Why is there a settlement?

**WHO IS IN THE SETTLEMENT**

5. How do I know if I am part of the settlement?
6. Are there exceptions to being included?
7. I am still not sure if I am included.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

8. What does the settlement provide?
9. How much will my payment be?

**HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM**

10. How can I obtain a payment?
11. When will I receive my payment?
12. What am I giving up to receive a payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

13. How do I get out of the Class?
14. If I do not exclude myself, can I sue the Released Persons for the same thing later?
15. If I exclude myself, can I receive money from the Net Settlement Fund?

**THE LAWYERS REPRESENTING YOU**

16. Do I have a lawyer in this case?
17. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**

18. How do I tell the Court that I do not like the Settlement?

**THE COURT'S SETTLEMENT HEARING**

19. When and where will the Court decide whether to approve the Settlement?
20. Do I have to come to the hearing?
21. May I speak at the hearing?

**IF YOU DO NOTHING**

22. What happens if I do nothing at all?

**GETTING MORE INFORMATION**

23. Are there more details about the Settlement?

**THE PLAN OF ALLOCATION**

## BASIC INFORMATION

### 1. Why Did I Receive This Notice Package?

You or someone in your family may have purchased or otherwise acquired NuVasive securities between October 22, 2008 and July 30, 2013, both dates inclusive.

This Notice was sent because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options before the Court decides whether to approve the Settlement. If the Court approves the Settlement, after any objections or appeals are resolved, the Settlement Administrator appointed by the Court will make the payments to those persons who timely submit claims in the manner described below.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Southern District of California, United States District Judge Jeffrey T. Miller presiding, and the case is known as *Mauss v. NuVasive, Inc. et al*, Case No. 3:13-cv-02005 (S.D. Cal.) (the "Litigation"). Brad Mauss and Daniel Popov are the Plaintiffs or the Class Representatives, and the Defendants are NuVasive, Inc. ("NuVasive" or the "Company"); Alexis V. Lukianov and Michael J. Lambert (together with NuVasive, the "Defendants"). The Class Representatives and the Defendants are referred to together as the "Settling Parties."

### 2. What Is This Lawsuit About?

This Litigation alleges violations of the federal securities laws against Defendants. Specifically, Plaintiffs assert claims under sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

As alleged in the Complaint, NuVasive is a medical device company focused on developing surgical products and procedurally integrated solutions for the spine. The Company's principal product is a surgical platform called Maximum Access Surgery, which includes proprietary software-driven nerve detection and avoidance system, Intra-Operative Monitoring support, a unique retractor system, an innovative lateral procedure known as eXtreme Lateral Interbody Fusion, and a wide variety of specialized implants and biologic products utilized in spinal surgery.

Plaintiffs allege that Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Plaintiffs allege that Defendants made false and/or misleading statements and/or failed to disclose that the Company paid improper remuneration, such as gifts, entertainment, commissions and consulting fees, in order to induce doctors to utilize its products and services and to encourage other doctors to do the same in violation of federal and state laws and regulations; and that the Company promoted its products and services, and trained physicians in surgical uses of its products and services, which were unapproved and/or uncleared by the U.S. Food and Drug Administration. Plaintiffs further contend that the price of NuVasive securities was artificially inflated as a result of Defendants' actions and that investors suffered injury as a result of the alleged inflation.

4

Defendants deny all of these allegations, deny that they made any false or misleading statements, and deny that they engaged in any wrongdoing.

### 3. Why Is This A Class Action?

Classes are generally used in lawsuits that affect a large number of individuals. The class action consolidates into a single action all of the claims of individuals allegedly harmed by the same conduct or course of conduct in the same period of time, thus removing the need for members of the class to file their own individual lawsuits for the harm alleged. Once the class is certified, one court is empowered to resolve all of the issues for all class members, except for those class members who exclude themselves from the class.

### 4. Why Is There A Settlement?

The Court did not decide in favor of the Plaintiffs or Defendants. Instead, both sides agreed to a Settlement under the terms set forth in the Stipulation and Agreement of Settlement (the "Stipulation"). This permits the parties to avoid the cost, delay, and uncertainty of a trial, and permits eligible Class Members who submit valid claims to receive some compensation sooner, rather than engaging in years of further litigation—including motions for summary judgment, trial, and appeals—with the possibility of no recovery at all.

Both the Plaintiffs and the Defendants have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as the Litigation. The Settling Parties disagree on both liability and damages, and do not agree on the average amount of damages per share, if any, that would be recoverable if Class Representatives were to prevail at trial on each claim. Among their many other disagreements are: (1) whether Defendants violated the securities laws or otherwise engaged in wrongdoing; (2) whether the misrepresentations and omissions alleged by the Plaintiffs were material, false, misleading, or otherwise actionable; (3) whether and to what extent the alleged misrepresentations and omissions influenced NuVasive's stock price and/or caused Class Members' alleged damages; and (4) the method for determining the amount of damages, if any, suffered by the Class Members.

Plaintiffs and their attorneys believe the Settlement is best for all Class Members. However, by settling the Litigation at this point, Plaintiffs are not admitting that the Complaint or the Litigation lacked merit or that the Class's ultimate recovery would not have been greater than the Settlement Consideration. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Plaintiffs or the Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Litigation would not have exceeded the Settlement Fund.

Defendants deny all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, by Plaintiffs. Nonetheless, Defendants have concluded that further defense of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled upon the terms and conditions set forth in the Stipulation in order to limit further expense and avoid the burden of protracted litigation. Defendants entered into the Stipulation without in any way admitting to or acknowledging any fault, liability, or wrongdoing of any kind. There has been no adverse determination by any court against Defendants or anyone else on the merits of the claims asserted in the Complaint. Neither the Stipulation, nor any of its terms or provisions, nor any of

the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the merit or truth of any of the allegations or wrongdoing of any kind on their part nor shall they be offered as evidence in the Litigation or in any pending or future civil, criminal, or administrative action against Defendants, except as expressly set forth in the Stipulation.

## WHO IS IN THE SETTLEMENT

To see if you will receive money from this Settlement, you first have to determine if you are a possible Class Member.

### 5. How Do I Know If I Am Part Of The Settlement?

To be a member of the Class, you must have purchased or otherwise acquired NuVasive securities between October 22, 2008 and July 30, 2013, both dates inclusive.

### 6. Are There Exceptions To Being Included?

Yes. You are not a member of the Class if you belong to any of the following groups: (i) Defendants and the Individual Defendants' family members; (ii) directors and officers of NuVasive and their families; (iii) any entity in which the Defendants have or had a controlling interest; and (iv) any persons or entities who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in this Notice.

### 7. I Am Still Not Sure If I Am Included.

If you are still not sure whether you are included, you can ask for free help. You can contact the Settlement Administrator at NuVasive Class Action, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA 19063, or by calling 866-274-4004, or on their website at www.strategicclaims.net for more information. Or you can fill out and return the claim form described in question 10, to see if you qualify.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

### 8. What Does The Settlement Provide?

The Settlement, if approved by the Court, will result in a gross fund of $7.9 million U.S. dollars. Subject to the Court's approval, a portion of this fund will be used to pay Class Representatives' attorneys' fees and reasonable litigation expenses, the costs of notice and claims administration (including the costs of printing and mailing this Notice), and any award of reasonable costs and expenses granted to the Class Representatives. After these deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Class Members who submit valid claims, in accordance with the Plan of Allocation set forth below.

### 9. How Much Will My Payment Be?

Your share of the Net Settlement Fund will depend on (i) the number of valid claim forms submitted by Class Members, (ii) the number of NuVasive securities you purchased and sold between October 22, 2008 and July 30, 2013, and the timing of those purchases and sales; (iii) the amount of administrative costs, including the costs of notice; and (iv) the amount

6

awarded by the Court to Class Representatives for their reasonable costs and expenses, if any, and to Class Counsel for attorneys' fees, costs, and expenses.

For each security acquired during the Class Period, you can calculate your recognized loss ("Recognized Loss") in accordance with the Plan of Allocation set forth below. After all Class Members have sent in their Proof of Claim and Release Forms, the payment you receive will reflect your total Recognized Loss for all securities acquired by you during the Class Period in relation to the sum total of Recognized Losses of all persons submitting valid Proof of Claim Forms. Your total Recognized Loss is not the amount of the payment that you can expect, but is used to determine how the Net Settlement Fund is to be allocated among all persons submitting claims.

## HOW TO GET A PAYMENT—SUBMITTING A CLAIM FORM

**10. How Can I Obtain A Payment?**

To qualify for a payment, you must be an eligible Class Member, send in a valid Proof of Claim and Release Form by _____, 2018, and properly document your claim as requested in the form. The Settlement Administrator will process your claim and determine whether you are an Authorized Claimant.

A Proof of Claim and Release Form is enclosed with this Notice and may also be downloaded at www.NuvasiveClassAction.com. Read the instructions carefully, fill out the form, sign it in the location indicated, include all of the documentation requested in the form, and mail or submit it online so that it is postmarked or received no later than _____, 2018. The claim form may be submitted online at www.nuvasiveclassaction.com or mailed to:

NuVasive Class Action
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

**11. When Will I Receive My Payment?**

The Court will hold a hearing on _____, 2018 to decide whether to approve the Settlement. If the Court approves the Settlement, there might be an appeal afterwards. It is always uncertain whether there will be an appeal and when any appeal will be resolved, and resolving an appeal can take time, perhaps more than a year. It also takes at least several months for the Settlement Administrator to process all of the Proof of Claim and Release Forms and determine the ultimate distribution amounts. Please be patient.

**12. What Am I Giving Up To Receive A Payment Or Remain A Class Member?**

Unless you validly exclude yourself from the Class by the _____, 2018 deadline, you are a Class Member and will be giving up certain rights that you currently have if the Court approves the Settlement. That means that if the Settlement is approved, you and all Class Members will release (agreeing never to sue or be part of any other proceeding) all claims against each and all of the Defendants, their past, present and future directors, officers, partners, members, employees, controlling shareholders, present and former attorneys, accountants, consultants, financial or investment advisors, commercial bankers, underwriters, banks or investment banks, advisors, engineers, principals or agents (including, without limitation, those

7

acting on behalf of or at the direction of Defendants), personal or legal representatives, estates, insurers, reinsurers, predecessors, successors, parent entities, affiliates, subsidiaries, divisions, assigns, spouses, heirs, devisees, executors, trustees, administrators, or related or affiliated entities, any partnership in which a Defendant is a general or limited partner, any entity in which a Defendant has a controlling interest, any member of an Individual Defendant's immediate family, or any trust or foundation of which any Defendant is the settlor or which is for the benefit of any Individual Defendant and/or member(s) of his family (the "Released Persons") arising out of or based upon the purchase, acquisition, sale, or disposition of any publicly traded shares of common stock of NuVasive by you during the Class Period; the allegations that were made or could have been made in the Litigation; and any of the facts, transactions, events, occurrences, disclosures, statements, acts, omissions or failures to act which were or that could have been asserted by Plaintiffs or any Member of the Class in their individual or representative capacity in the Litigation, except that you do not release the Released Persons from any claim or action to enforce the Settlement. It also means that all of the Court's orders will apply to you and legally bind you. If you sign the claim form, you are agreeing to its "Release of Claims," which will bar you from ever filing a lawsuit against any of the Released Persons to recover losses from the acquisition or sale of NuVasive securities during the Class Period, except to enforce the Settlement. That means you will accept your share in the Net Settlement Fund as sole compensation for any losses you may have suffered in connection with the acquisition and sale of NuVasive securities during the Class Period.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from the Settlement, but you want to keep the right to sue or continue to sue the Defendants on your own for the Class Claims, then you must take steps to get out of the Class. This is called excluding yourself or "opting out" of the Class.

### 13. How Do I Get Out Of The Class?

To exclude yourself from the Class, you must send a letter by mail stating that you "request exclusion from the Class in the *NuVasive Class Action*." To be valid, the letter must state (A) your name, address, telephone number, signature, and e-mail address (if any); (B) the date, number of shares, and dollar amount of all purchases, acquisitions, sales, or dispositions of NuVasive securities between October 22, 2008 and July 30, 2013, both dates inclusive; and (C) the number of shares of NuVasive securities held by you as of July 30, 2013. Any request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must submit your exclusion request so that it is **received no later than _____, 2018 at**:

NuVasive Class Action<br>
c/o Strategic Claims Services<br>
600 N. Jackson Street, Suite 205<br>
Media, PA 19063

### 14. If I Do Not Exclude Myself, Can I Sue The Released Persons For The Same Thing Later?

No. Unless you exclude yourself from the Class, you give up any rights to sue the Defendants and the other Released Persons for the claims being released in this Settlement. If

you have a pending lawsuit against the Defendants, speak to your lawyer in that case immediately. Remember, the exclusion deadline is _____, 2018.

### 15. If I Exclude Myself, Can I Receive Money From The Net Settlement Fund?

No. If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by any judgment in this case.

## THE LAWYERS REPRESENTING YOU

### 16. Do I Have A Lawyer In This Case?

The Court has appointed the law firm of Pomerantz LLP to represent you and other Class Members. These lawyers are called Lead Counsel or Class Counsel. You will not be charged for the services of these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17. How Will The Lawyers Be Paid?

Class Counsel has not been paid any attorneys' fees to date. Class Counsel has expended considerable time litigating this Litigation on a contingent-fee basis and has paid for all of the expenses of the litigation themselves. Class Counsel has done so with the expectation that if they are successful in recovering money for the Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Class Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund.

Therefore, Class Counsel will file a motion asking the Court for an award of up to $2.37 million in attorneys' fees, up to $900,000 for reimbursement of reasonable litigation expenses, and may also seek an award of up to $10,000 for each of the two Class Representatives for their reasonable costs and expenses. That motion will argue that the requested fees and expenses are well within the range awarded to class counsel under similar circumstances in other cases of this type. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 18. How Do I Tell The Court That I Do Not Like The Settlement?

If you are a Class Member and do not agree with the proposed Settlement, any part of the Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees and expenses or an award of reasonable costs and expenses for the Class Representatives, you can ask the Court to deny approval by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies approval, no settlement payment will be sent out and the lawsuit will continue.

To object, you must send a letter saying you object to the Settlement in *Mauss v. NuVasive, Inc.*, Case No. 3:13-cv-02005-JM. Be sure to include: (A) your name, address,

telephone number, signature, and e-mail address (if any); (B) the date, number of shares, and dollar amount of all purchases, acquisitions, sales, or dispositions of NuVasive securities between October 22, 2008 and July 30, 2013, both dates inclusive; (C) the number of shares of NuVasive securities held by you as of July 30, 2013; and (D) a description of the specific part of the Stipulation or Settlement to which you object and all grounds for your objection, including any evidence you wish to bring to the Court's attention and any legal support known to you or your counsel.

If you object to the Settlement or the requested attorneys' fees or award of reasonable costs and expenses for the Class Representatives, you subject yourself to the jurisdiction of the Court in this matter and Plaintiffs may seek to take your deposition before the Settlement Hearing. If the Court allows the deposition and you refuse to have your deposition taken, your objection may be deemed invalid.

The motions in support of the Settlement and the request for attorneys' fees will be filed no later than _____, 2018, and they will be available from Lead Counsel, the Settlement Administrator, or the Court. Any objection must be mailed or delivered such that it is received by *each* of the following no later than _____, 2018:

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| United States District Court Southern District of California 221 West Broadway San Diego, CA 92101 | Jeremy A. Lieberman Michele S. Carino POMERANTZ LLP 600 Third Avenue, Floor 20 New York, NY 10016 | **For Defendants NuVasive, Inc. and Michael J. Lambert:** Robert W. Brownlie Noah A. Katsell Kellin M. Chatfield DLA Piper LLP 401 B Street, Suite 1700 San Diego, CA 92101 **For Defendant Alexis V. Lukianov:** Christopher H. McGrath Raymond W. Stockstill PAUL HASTINGS LLP 4747 Executive Drive, Floor 12 San Diego, CA 92121 |

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to.

**19.    When And Where Will The Court Decide Whether To Approve The Settlement?**

The Court will hold a Settlement Hearing at __ _.m. on _____, 2018 at the United States District Court for the Southern District of California in Courtroom 5D, 5th Floor, San Diego Courthouse, 221 West Broadway, San Diego, CA 92101.

At this hearing, the Court will consider whether the proposed Settlement and Plan of Allocation are fair, reasonable, and adequate and should be approved. If there are objections, the

Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much should be awarded to Class Counsel for attorneys' fees and expenses and to Class Representatives for their reasonable costs and expenses. The Court may decide these issues at the hearing or take them under consideration for a later decision.

We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members. If you want to attend the hearing, you may wish to visit the Court's website at http://www.cand.uscourts.gov/SitePages/Judges.aspx or check with Class Counsel beforehand to be sure that the date and time has not changed.

### 20. Do I Have To Come To The Hearing?

No. Lead Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it, though you are welcome to do so. However if you object and wish to appear at the hearing, you must provide notification that you wish to appear at the hearing in your written objection. You may also pay your own lawyer to attend, but it is not necessary.

### 21. May I Speak At The Hearing?

You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must send a letter saying you intend to appear at the Settlement Hearing in the *Mauss v. NuVasive, Inc.*, Case No. 3:13-cv-02005-JM. Your letter should comply with all of the requirements set forth in question 18 above for submitting a written objection, and it must be received no later than _____, 2018 by the Clerk of the Court, Lead Counsel and the Defendants' Counsel at the addresses listed in question 18.

If you wish to present evidence at the Settlement Hearing, you must also identify any witnesses you may call to testify and any exhibits you intend to introduce into evidence at the Settlement Hearing. If you intend to have counsel appear on your behalf at the Settlement Hearing, your letter must identify all attorneys who will appear on your behalf, and your attorneys must file a notice of their intent to appear.

You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

### 22. What Happens if I Do Nothing at All?

If you do nothing, all of your claims against Defendants and the Released Persons will be released, but you will not receive any money from this Settlement, because it is necessary to submit a Proof of Claim and Release Form to share in the Settlement proceeds.

## GETTING MORE INFORMATION

### 23. Are There More Details About the Settlement?

This Notice summarizes the proposed Settlement. More details are in the Stipulation. The Stipulation is the controlling document describing the proposed Settlement and its terms govern anything to the contrary in this Notice. You can get a copy of the Stipulation and obtain answers

to common questions regarding the proposed Settlement by visiting www.NuvasiveClassAction.com or www.strategicclaims.net or by contacting the Settlement Administrator toll-free at 866-274-4004. You can also access the Court docket in this case through the Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov. You can also contact class counsel at:

>Jeremy A. Lieberman
>Michele S. Carino
>POMERANTZ LLP
>600 Third Avenue, Floor 20
>New York, NY 10016
>Telephone: (212) 661-1100

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.**

## THE PLAN OF ALLOCATION

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or may approve another plan of allocation, without further notice to Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Settlement Administrator's website: www.NuvasiveClassAction.com.

The general objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged misconduct, as opposed to losses caused by market- or industry-wide factors, or Company-specific factors unrelated to the alleged misconduct. The Settlement Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the Recognized Loss formula described below. A Recognized Loss will be calculated for each share of NuVasive common stock ("NuVasive Common Stock")[1] purchased or otherwise acquired during the Class Period (*i.e.*, between October 22, 2008 and July 30, 2013, both dates inclusive).

The calculation of Recognized Loss will depend upon several factors, including when shares of NuVasive Common Stock were purchased or otherwise acquired, and for what amounts, and whether those shares were sold, and if sold, when they were sold, and for what amounts. The Recognized Loss is not intended to estimate the amount a Class Member might have been able to recover after a trial, though Class Counsel's determinations of litigation risk may inform the calculation of Recognized Loss in order to achieve an equitable distribution of the Net Settlement Fund. The Recognized Loss is not intended to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis

---

[1] During the Class Period, NuVasive Common Stock was listed on the Nasdaq exchange under the ticker symbol "NUVA."

upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Settlement Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

The Plan of Allocation was created with the assistance of a consulting damages expert, and reflects the assumption that the price of NuVasive Common Stock was artificially inflated during the Class Period. The computation of the estimated alleged artificial inflation in the price of NuVasive Common Stock during the Class Period is based on certain misrepresentations or omissions alleged by Plaintiffs and the decline in the price of NuVasive Common Stock, net of market- and industry-wide factors, in reaction to public announcements that allegedly corrected the alleged misrepresentations/omissions. Plaintiffs and Plaintiffs' Counsel have determined that such a decline occurred on July 31, 2013 (the "Corrective Disclosure Date"). The earliest alleged misrepresentation or omission occurred after the close of the U.S. financial markets on October 22, 2008, thus there is no alleged artificial inflation in the price of NuVasive Common Stock on October 22, 2008.

Federal securities laws allow investors to recover for losses caused by disclosures which corrected Defendants' previous misleading statements or omissions. Thus, in order to have been damaged by the alleged violations of the federal securities laws, NuVasive Common Stock purchased or otherwise acquired during the Class Period must have been held until such time when its price declined due to the disclosure of information which corrected an allegedly misleading statement or omission. Accordingly, if NuVasive Common Stock was sold before July 31, 2013 (the Corrective Disclosure Date), the Recognized Loss for such shares is $0.00, and any loss suffered is not compensable under the federal securities laws.

The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for NuVasive Common Stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on NuVasive Common Stock purchased during the Class Period and held as of the close of the 90-day period subsequent to the Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and the average price of NuVasive Common Stock during the 90-Day Lookback Period. The Recognized Loss on NuVasive Common Stock purchased during the Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and the rolling average price of NuVasive Common Stock during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes, and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.

### Calculation Of Recognized Loss Per Share Of NuVasive Common Stock

For each share of NuVasive Common Stock purchased during the Class Period (*i.e.*, between October 22, 2008 and July 30, 2013, both dates inclusive), the Recognized Loss per share shall be calculated as follows:

i. For each share of NuVasive Common Stock purchased on October 22, 2008, the Recognized Loss per share is $0.

ii. For each share of NuVasive Common Stock purchased during the period October 23, 2008 through July 30, 2013, both dates inclusive, that was sold prior to July 31, 2013, the Recognized Loss per share is $0.

iii. For each share of NuVasive Common Stock purchased during the period October 23, 2008 through July 30, 2013, both dates inclusive, that was sold during the period July 31, 2013 through October 28, 2013, both dates inclusive (*i.e.*, the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

   a. $3.34; or

   b. the purchase price *minus* the "90-Day Lookback Value" on the date of sale provided in Table 1 below.

iv. For each share of NuVasive Common Stock purchased during the period October 23, 2008 through July 30, 2013, both dates inclusive, and still held as of the close of trading on October 28, 2013, the Recognized Loss per share is *the lesser of*:

   a. $3.34; or

   b. the purchase price *minus* the average closing price for NuVasive Common Stock during the 90-Day Lookback Period, which is $24.25.

| Table 1 | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 7/31/2013 | $22.82 | 8/29/2013 | $23.49 | 9/30/2013 | $23.83 |
| 8/1/2013 | $22.87 | 8/30/2013 | $23.49 | 10/1/2013 | $23.85 |
| 8/2/2013 | $22.90 | 9/3/2013 | $23.51 | 10/2/2013 | $23.87 |
| 8/5/2013 | $22.99 | 9/4/2013 | $23.52 | 10/3/2013 | $23.87 |
| 8/6/2013 | $23.05 | 9/5/2013 | $23.53 | 10/4/2013 | $23.88 |
| 8/7/2013 | $23.06 | 9/6/2013 | $23.52 | 10/7/2013 | $23.89 |
| 8/8/2013 | $23.16 | 9/9/2013 | $23.53 | 10/8/2013 | $23.90 |
| 8/9/2013 | $23.20 | 9/10/2013 | $23.55 | 10/9/2013 | $23.91 |
| 8/12/2013 | $23.21 | 9/11/2013 | $23.59 | 10/10/2013 | $23.94 |
| 8/13/2013 | $23.24 | 9/12/2013 | $23.61 | 10/11/2013 | $23.98 |
| 8/14/2013 | $23.27 | 9/13/2013 | $23.64 | 10/14/2013 | $24.02 |
| 8/15/2013 | $23.30 | 9/16/2013 | $23.67 | 10/15/2013 | $24.04 |
| 8/16/2013 | $23.31 | 9/17/2013 | $23.70 | 10/16/2013 | $24.06 |
| 8/19/2013 | $23.33 | 9/18/2013 | $23.73 | 10/17/2013 | $24.09 |
| 8/20/2013 | $23.38 | 9/19/2013 | $23.76 | 10/18/2013 | $24.11 |
| 8/21/2013 | $23.40 | 9/20/2013 | $23.77 | 10/21/2013 | $24.13 |

| | | | | | |
|---|---|---|---|---|---|
| 8/22/2013 | $23.42 | 9/23/2013 | $23.78 | 10/22/2013 | $24.15 |
| 8/23/2013 | $23.44 | 9/24/2013 | $23.79 | 10/23/2013 | $24.18 |
| 8/26/2013 | $23.46 | 9/25/2013 | $23.80 | 10/24/2013 | $24.20 |
| 8/27/2013 | $23.47 | 9/26/2013 | $23.81 | 10/25/2013 | $24.22 |
| 8/28/2013 | $23.48 | 9/27/2013 | $23.81 | 10/28/2013 | $24.25 |

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible securities that participate in the Settlement, and when those securities were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of NuVasive Common Stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All purchase and sale prices shall exclude any fees, taxes, and commissions. Any transactions in NuVasive Common Stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

To the extent that a claimant had a trading gain or "broke even" from his, her, or its overall transactions in NuVasive Common Stock during the Class Period, the value of the claimant's total Recognized Loss will be zero and the claimant will not be entitled to a share of the Net Settlement Fund. To the extent that a claimant suffered a trading loss on his, her, or its overall transactions in NuVasive Common Stock during the Class Period, but that trading loss was less than the sum of the claimant's Recognized Loss calculated above for all shares of NuVasive Common Stock acquired during the Class Period, then the claimant's total Recognized Loss shall be limited to the amount of the claimant's actual trading loss.

For purposes of determining whether a claimant had a trading gain from his, her, or its overall transactions in NuVasive Common Stock during the Class Period or suffered a trading loss, the Settlement Administrator shall determine the difference between (i) the Total Purchase Amount[2] and (ii) the sum of the Total Sales Proceeds[3] and Holding Value.[4] This difference shall be deemed a claimant's trading gain or loss with respect to his, her, or its overall transactions in NuVasive Common Stock during the Class Period.

---

[2] The "Total Purchase Amount" is the total amount the claimant paid for all NuVasive Common Stock purchased during the Class Period.

[3] The Settlement Administrator shall match any sales of NuVasive Common Stock during the Class Period, first against the claimant's opening position in NuVasive Common Stock (the proceeds of those sales will not be considered for purposes of calculating trading gains or losses). The total amount received for the remaining sales of NuVasive Common Stock sold during the Class Period shall be the "Total Sales Proceeds."

[4] The Settlement Administrator shall ascribe a Holding Value of $24.25 per share for NuVasive Common Stock still held as of the close of trading on July 30, 2013.

Acquisition by Gift, Inheritance, or Operation of Law: If a Class Member acquired NuVasive Common Stock by way of gift, inheritance, or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that NuVasive Common Stock was originally purchased prior to commencement of the Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

Notwithstanding any of the above, receipt of NuVasive Common Stock in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of NuVasive Common Stock.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Sales will be matched in chronological order, by trade date, first against NuVasive Common Stock held as of the close of trading on October 21, 2008 (the last day before the Class Period begins) and then against the purchases of NuVasive Common Stock during the Class Period.

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in NuVasive Common Stock, the earliest Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

With respect to NuVasive Common Stock purchased or sold through the exercise of an option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the closing price of NuVasive Common Stock on the date of exercise. Any Recognized Loss arising from purchases of NuVasive Common Stock acquired during the Class Period through the exercise of an option on NuVasive Common Stock[5] shall be computed as provided for other purchases of NuVasive Common Stock in the Plan of Allocation.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Settlement Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants (see the Plan of Allocation for additional details). No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $___.

Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds. The Settlement and the Final Judgment and Order of Dismissal with Prejudice dismissing this Litigation will nevertheless bind Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim.

---

[5] Including (1) purchases of NuVasive Common Stock as the result of the exercise of a call option, and (2) purchases of NuVasive Common Stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

Please contact the Settlement Administrator or Lead Counsel if you disagree with any determinations made by the Settlement Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims-administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Class Representatives and Lead Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. After the initial distribution of the Net Settlement Fund, the Settlement Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Settlement Administrator, determines that it is cost-effective to do so, the Settlement Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $\_\_\_ from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $\_\_\_ on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Settlement Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

If you purchased NuVasive Common Stock during the Class Period (CUSIP: 670704105) for the beneficial interest of an individual or organization other than yourself, the Court has directed that, **within fourteen (14) days after you receive this Notice**, you must either: (1) request from the Settlement Administrator sufficient copies of the Notice and Proof of Claim and Release Form to forward to their beneficial owners, and within ten (10) days of receipt of those copies of the Notice and Proof of Claim and Release Forms, forward them to such beneficial owners by first class mail, send a statement to the Settlement Administrator confirming that the mailing was made as directed, and retain the names and addresses for any future mailings; or (2) provide a list of the names and addresses of such beneficial owners to the Settlement Administrator at:

NuVasive Class Action
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063
www.strategicclaims.net

17

www.NuvasiveClassAction.com

If you choose to mail the Notice and Proof of Claim and Release Form yourself, you may obtain from the Settlement Administrator (without cost to you) as many additional copies of these documents as you will need. You are also entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including postage and the cost of ascertaining the names and addresses of beneficial owners.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for administrative costs actually incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Settlement Administrator.

Reasonable expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Settlement Administrator at the address above.

DATED:_____, 201_.

_____
BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA