# EXHIBIT E

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA
# SAN DIEGO DIVISION

| | |
|---|---|
| BRAD MAUSS, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>NUVASIVE, INC., ALEXIS V. LUKIANOV, KEVIN C. O'BOYLE and MICHAEL J. LAMBERT,<br><br>    Defendants. | Civil No. 13-cv-2005-JM (JLB)<br><br>CLASS ACTION<br><br>**[PROPOSED] ORDER AND FINAL JUDGMENT**<br><br>Hon. Jeffrey T. Miller |

On the _____ day of _____, 2018, a hearing having been held before this Court to determine whether the terms and conditions of the Stipulation and Agreement of Settlement dated February 13, 2018 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Class against NuVasive Inc. ("NuVasive" or the "Company"), Alexis V. Lukianov, and Michael J. Lambert (collectively, the "Defendants");[1];

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Order Preliminarily Approving Settlement (Dkt. No. ___) ("Preliminary Approval Order") was mailed to all reasonably identifiable Class Members; and

It appearing that the Publication Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Court's specifications;

---

[1] Plaintiffs, on behalf of themselves and the Class, and Defendants are collectively referred to as the "Parties".

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Unless indicated otherwise, all capitalized terms used herein have the same meanings as set forth and defined in the Stipulation.

2. The Court has jurisdiction over the subject matter of this Litigation, Plaintiffs, all Class Members, and the Defendants, including all Class Members who did not timely file a request for exclusion from the Class by the relevant deadline pursuant to the Preliminary Approval Order.

3. The Court hereby finds that the forms and methods of notifying the Class of the Settlement and its terms and conditions: met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and 15 U.S.C. § 78u-4(a)(7) (added to the Exchange Act by the Private Securities Litigation Reform Act of 1995); constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all members of the Class are bound by this Order and Final Judgment except those listed on Exhibit A hereto.

4. The Settlement is approved as fair, reasonable, adequate, and in the best interests of the Class. The Court further finds that there was no collusion, that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced, competent counsel representing the interests of the Class Members and the Defendants, and that the record is sufficiently developed and complete to have enabled

the Plaintiffs and the Defendants to have adequately evaluated and considered their positions. Plaintiffs and Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

5. Except with respect to individual claims by persons who have validly and timely requested exclusion from the Class (listed on Exhibit A), all of the claims asserted in the Amended Complaint or the Litigation against the Defendants are hereby dismissed with prejudice.

6. Plaintiffs and each of the other Class Members, on behalf of themselves and their respective spouses, heirs, executors, beneficiaries, administrators, successors, assigns, and any Person(s) (claiming now or in the future) through or on behalf of any of them directly or indirectly, regardless of whether such Plaintiff or Class Member ever seeks or obtains by any means (including, without limitation, by submitting a Claim to the Settlement Administrator) any distribution from the Net Settlement Fund: (a) shall be deemed by this Settlement to have, and by operation of law and of the Judgment shall have, fully, finally, and forever released, relinquished, waived, dismissed, and discharged each and all of the Released Claims (including Unknown Claims), against each and all of the Released Persons, and shall have covenanted not to sue any Released Person with respect to any Released Claims (including any Unknown Claims) except to enforce the releases and other terms and conditions contained in this Stipulation or the Judgment entered pursuant hereto and (b) shall be forever permanently barred, enjoined and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting or otherwise pursuing, either directly or in any other capacity, any of the Released Claims (including any Unknown Claims) against any Released Person in the Litigation or in any other action or any proceeding, in any state, federal or foreign court of law or equity, arbitration tribunal, administrative forum or other forum of any kind.

7. Defendants, for themselves and on behalf of each of their respective spouses, heirs, executors, beneficiaries, administrators, successors, assigns and any Person(s) (claiming now or in the future) through or on behalf of any of them directly or

indirectly: (a) shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever released, relinquished, waived, discharged, and dismissed each and all of the Defendant Claims (including Unknown Claims) against Plaintiffs in the Litigation, Lead Counsel and their attorneys, and all other Class Members, the members of each Class Member's immediate family, any entity in which any member of any Class Member's immediate family has or had a controlling interest (directly or indirectly), any estate or trust of which any Class Member is the settlor or which is for the benefit of any Class Member and/or members of his or her family and (b) shall be forever permanently barred, enjoined and restrained from commencing, instituting, asserting, maintaining, enforcing, prosecuting or otherwise pursuing, either directly or in any other capacity, any of the Defendant Claims (including any Unknown Claims) against the Plaintiffs, Lead Counsel and their attorneys, and all other Class Members in the Litigation or in any other action or any proceeding, in any state, federal or foreign court of law or equity, arbitration tribunal, administrative forum or other forum of any kind.

8. The Court finds that all parties and their counsel have complied with each requirement of Fed. R. Civ. P. 11 as to all proceedings herein.

9. Neither this Order and Final Judgment, the Preliminary Approval Order, the Stipulation (including the exhibits thereto), the Memorandum Of Understanding ("MOU"), nor any of the negotiations, documents or proceedings connected with them shall be argued to be or offered or received:

> a. against any of the Released Persons as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Persons with respect to the truth of any fact alleged by the Plaintiffs in the Amended Complaint or the Litigation, or the validity of any claim that has been or could have been asserted against any of the Defendants in the Amended Complaint or the Litigation, or the deficiency of any defense that has been or could have been asserted in

the Litigation, or of any wrongdoing or liability by any of the Defendants, or any liability, fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants;

b. against the Plaintiffs or any Class Member or Lead Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Plaintiffs in the Amended Complaint or the Litigation or of any lack of merit to the claims or the Amended Complaint or the Litigation or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Amended Complaint or the Litigation;

c. against any of the Defendants, the Plaintiffs, or any Class Member, or their respective legal counsel, as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants, the Plaintiffs, or any Class Member, or their respective legal counsel, with respect to any liability, negligence, fault, or wrongdoing as against any of the Defendants, the Plaintiffs, or any Class Member, or their respective legal counsel, in any other civil, criminal, or administrative action or proceeding, other than such actions or proceedings as may be necessary to effectuate the provisions of this Stipulation, provided, however, that if this Stipulation is approved by the Court, the Defendants, the Plaintiffs, and any Class Member, or their respective legal counsel, may refer to it to effectuate the liability protection and releases granted them hereunder;

d. against any of the Defendants as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Consideration represents the amount which could or would have been received after trial of the Litigation against them;

e. against the Plaintiffs or any Class Member as evidence of, or construed

as evidence of, any presumption, concession, or admission by any of the Plaintiffs or any Class Member that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Litigation would not have exceeded the Settlement Fund; or

f. as evidence of, or construed as evidence of, any presumption, concession, or admission that the modifications to the class definitions as ordered in the Preliminary Approval Order are appropriate in this Litigation, except for purposes of this Settlement.

10. Notwithstanding the foregoing Paragraph 9, the Settling Parties and other Released Persons may file or refer to this Order and Final Judgment, the Stipulation, Preliminary Approval Order, and/or any Claim Form: (a) to effectuate the liability protections granted hereunder or thereunder, including without limitation, to support a defense or counterclaim based on principles of *res* judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) to obtain a judgment reduction under applicable law; (c) to enforce any applicable insurance policies and any agreements relating thereto; or (d) to enforce the terms of the Stipulation and/or this Order and Final Judgment.

11. Exclusive jurisdiction is hereby retained over the Settling Parties for all matters relating to the Litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation, or Settlement and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Class Members.

12. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions in the Stipulation.

13. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Fed. R.

Civ. P. 54(b).

14. Any order approving or modifying the Plan of Allocation, Class Counsel's application or award of attorneys' fees and expenses, or Plaintiffs' application or award for payment of reasonable costs and expenses, shall be separate from, and shall not in any way disturb or affect, the finality of this Judgment, the Stipulation, or the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement.

15. The Court hereby awards Lead Counsel attorneys' fees in the amount of _____% of the Settlement Fund and expenses in an amount of $_____, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is fair and reasonable in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the result obtained for the Class.

16. The Court hereby awards Lead Plaintiff Brad Mauss a compensatory award for his efforts on behalf of the Class in the amount of $_____. The Court hereby awards plaintiff Daniel Popov a compensatory award for his efforts on behalf of the Class in the amount of $_____.

17. Lead Counsel's attorneys' fees and expenses, as awarded by the Court, shall be paid within ten (10) days of the award by the Court ("Fee and Expense Award"), notwithstanding any appeals that may be taken, subject to the obligation of all counsel who receive any award of attorneys' fees and costs to make full refunds or repayments to the Escrow Account plus interest earned thereon if the award is lowered or the Settlement is disapproved by a Final order not subject to further review. The Settlement is not conditioned upon any award of attorneys' fees and costs, and any objection to or appeal from such an award shall not affect the finality of the Settlement or the judgment of dismissal.

18. In the event that the Settlement does not become Final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of the Settling Parties, and the Settling Parties shall be deemed to have reverted *nunc pro tunc* to their respective status prior to the execution of the MOU, and the Settling Parties shall proceed in all respects as if the MOU and the Stipulation had not been executed and the related orders had not been entered, without prejudice in any way from the negotiation, fact, or terms of the Settlement, and preserving all of their respective claims and defenses in the Litigation, and shall revert to their respective positions in the Litigation. In such circumstances, the parties shall thereafter work together to arrive at a mutually agreeable schedule for resuming litigation of the Litigation.

19. In the event the Judgment does not become Final or the Settlement is terminated in accordance with the terms and conditions set forth in the Stipulation, within ten (10) business days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, all monies then held in the Escrow Account, including interest earned but less any costs or expenses properly incurred as set forth herein, shall be returned to the Defendants. Plaintiffs and the Class Members shall have no responsibility for the return of such consideration.

20. The Court's orders entered during this Litigation relating to the confidentiality of information shall survive this Settlement.

**SO ORDERED** in the Southern District of California on _____, 2018.

THE HON. JEFFREY T. MILLIER
UNITED STATES DISTRICT JUDGE

.