# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD MAUSS and DANIEL POPOV, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NUVASIVE, INC.; ALEXIS V. LUKIANOV; and MICHAEL J. LAMBERT,<br><br>Defendants. | Case No.: 13cv2005 JM (JLB)<br><br>**ORDER GRANTING CONDITIONAL PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiffs move the court for an order preliminarily approving a class action settlement, directing the distribution of a notice of settlement, and setting a hearing for final approval of class action settlement. (Doc. No. 246.) The court has reviewed the motion and declaration of counsel in support thereof, as well as the class action settlement agreement and the proposed notice. The court grants conditional preliminary approval of the class action settlement and approves the class notice program, subject to the parties' agreement with the court's modifications to the preliminary approval order.[1] If any party

---

[1] Additions are italicized and deletions are marked by striking through the text.

1

or participant objects to the modifications, that party or participant must file the objection with the court no later than ten (10) calendar days after the date of this order.

WHEREAS:

(A) On December 27, 2013, the Court appointed Brad Mauss as Lead Plaintiff; the law firm of Pomerantz LLP as Lead Counsel; and the law firm of Glancy Prongay & Murray LLP as Liaison Counsel (Dkt. 15);

(B) On February 13, 2014, December 23, 2014, and February 23, 2015, Lead Plaintiff filed amended pleadings for violations of the Federal Securities Laws (Dkt. 22, 39, and 47, respectively) asserting claims against NuVasive Inc. ("NuVasive"), Alexis V. Lukianov, and Michael J. Lambert (collectively, the "Defendants");

(C) On August 28, 2015, the Court entered an Order granting in part and denying in part Defendants' motion to dismiss with leave to amend (Dkt. 69);

(D) On September 11, 2015, Lead Plaintiff filed the Fifth Amended Complaint (Dkt. 70);

(E) On July 12, 2016, the Court denied Defendants' Motion to Dismiss the Fifth Amended Complaint (Dkt. 85);

(F) On October 26, 2016, Lead Plaintiff filed the Sixth Amended Complaint (the "Complaint") in order to add Daniel Popov as an additional named Plaintiff (collectively, with Lead Plaintiff, "Plaintiffs") (Dkt. 105);

(G) On October 28, 2016, Plaintiffs filed a motion for class certification pursuant to Federal Rule of Civil Procedure 23 (Dkt. 106);

(H) On March 22, 2017, the Court granted Plaintiffs' motion for class certification, appointing Plaintiffs Brad Mauss and Daniel Popov as Class Representatives, appointing Lead Counsel Pomerantz as Class Counsel and Glancy Prongay & Murray LLP as Liaison Counsel, and certifying the following class:

> All persons other than Defendants who purchased or otherwise acquired NuVasive securities between October 22, 2008 and July 30, 2013, inclusive, and who were damaged thereby. Excluded from the Class are any parties who are or have been Defendants in this litigation, the present

and former officers and directors of NuVasive and any subsidiary thereof, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any current or former Defendant has or had a controlling interest. (Dkt. 128)

The class certified by the Court shall be referred to as the "Class" and the members of the Class shall be referred to as "Class Members" or "Members of the Class."

(I) On April 6, 2017, Defendants filed a Petition for Permission to Appeal under Federal Rule of Civil Procedure 23(f) with the United States Court of Appeal for the Ninth Circuit (Dkt. 131);

(J) On August 15, 2017, the Ninth Circuit denied Defendants' Petition for Permission to Appeal (Dkt. 149);

(K) On September 8, 2017, Defendants filed a motion for summary judgment and a motion to exclude the testimony of one of Plaintiffs' expert witnesses (Dkt. 152);

(L) On February 1, 2018, the Court denied Defendants' motion for summary judgment and motion to exclude the testimony of Plaintiffs' expert witness (Dkt. 193);

(M) Class Representatives, on behalf of themselves and the Class, and Defendants (together, the "Parties") have agreed to a settlement of all claims asserted in the Litigation against all Defendants and have entered into a Stipulation of Settlement dated March 23, 2018 (the "Stipulation") setting forth the terms and conditions for the proposed Settlement;

(N) Plaintiffs have applied to the Court under Fed. R. Civ. P. 23(e) for an order approving the Settlement in accordance with the terms of the Stipulation and for complete dismissal of this Litigation as to the Defendants;

(O) The Court having reviewed and considered Plaintiffs' Motion for Preliminary Approval of Settlement and all papers submitted in support thereof, the Stipulation and the attached exhibits, and finding that substantial and sufficient grounds exist for entering this Preliminary Approval Order:

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. All capitalized terms used herein shall have the same meaning as in the

Stipulation.

2. This Court has jurisdiction over the subject matter of this Litigation and over all parties to this Litigation, including Class Members.

3. The Court preliminarily approves the Settlement and the proposed Plan of Allocation described in the Notice as fair, reasonable and adequate, pending a final settlement and fairness hearing (the "Settlement Hearing") as described below. The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to the Plaintiffs or segments of the Class; and (v) warranting notice of the proposed Settlement at the Settlement Hearing described below.

## Escrow Agent and Settlement Administrator

4. The Court approves the appointment of Huntington National Bank as the Escrow Agent to manage the Settlement Fund for the benefit of the Class.

5. The Court approves the appointment of Strategic Claims Services as the Settlement Administrator to supervise and administer the notice procedure and the processing of claims, and approves the payment of reasonable administration costs to the Settlement Administrator from the proceeds of the Settlement, not to exceed $250,000 without further Court order.

## Stay Order

6. The Court orders the stay of any pending litigation and enjoins Plaintiffs, all other Class Members, and anyone who acts or purports to act on their behalf, from commencing or prosecuting, in any court, arbitration, or other tribunal, any Litigation which asserts any Class Claims against any of the Released Persons.

## Form and Timing of Notice

7. The Court hereby approves, as to form and content, the proposed (i) Notice, (ii) Publication Notice, and (iii) Proof of Claim, substantially in the form of Exhibits B, C, and D to the Stipulation, *subject to the following modifications to Exhibit B:*

*a. That the fourth bullet point on page 1 of Exhibit B be modified to add the word "approximately" immediately before "$0.13 per share."*

*b. That the first paragraph under "Excluding Yourself from the Settlement" on page 8 of Exhibit B, prior to paragraph 13, be modified to include the following sentence: "You may exclude yourself from the class even if you do not want to sue the Defendants on your own, but merely desire to disassociate yourself from the Litigation."*

8. Per the terms of the Stipulation, NuVasive shall cooperate in the production of information with respect to the identification of Class Members from NuVasive's shareholder transfer records.

9. Within 20 days of entry of this Order, the Settlement Administrator shall:

  a. cause to be mailed, to all Persons who purchased NuVasive securities during the Class Period, the Notice and a Proof of Claim substantially in the forms attached to the Stipulation as Exhibits B and C;

  b. cause the Notice and Proof of Claim to be posted on the Settlement Administrator's website; and

  c. cause the Publication Notice to be published once on Investor's Business Daily and Globe Newswire.

10. The Settlement Administrator shall make reasonable efforts to give notice to nominees, such as brokerage firms, who purchased or otherwise acquired NuVasive securities for the beneficial interest of other persons during the Class Period. Such nominees who purchased or otherwise acquired NuVasive securities for the beneficial interest of other persons during the Class Period are hereby directed to, within fourteen (14) days after receipt of the Notice, either (i) request from the Settlement Administrator sufficient copies of the Notice and Proof of Claim to forward to their beneficial owners, and within ten (10) days of receipt of those copies of the Notice and Proof of Claim, forward them to such beneficial owners; or (ii) provide the Settlement Administrator with lists of the names and addresses of the beneficial owners. Promptly upon receipt of any such information from nominee purchasers, the Settlement Administrator shall cause the

Notice and Proof of Claim to be mailed to such beneficial owners. Additional copies of the Notice and Proof of Claim shall be made available to any record holder requesting same for the purpose of distribution to beneficial owners.

11. *No later than twenty (20) days* before the Settlement Hearing, Class Counsel shall file with this Court proof of publication of the Publication Notice as well as a declaration describing the Settlement Administrator's efforts to provide notice to Class Members in compliance with the specific requirements set forth above.

12. This Court preliminarily finds that the form and method set forth herein of notifying the Class of the Settlement and its terms and conditions:

    a. Constitute the best practicable notice to Class Members under the circumstances of this Litigation;

    b. Are reasonably calculated, under the circumstances, to apprise Class Members of: (i) the proposed Settlement of this Litigation; (ii) their right to exclude themselves from the Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Class; (v) their right to submit a claim as part of the Settlement; and (vi) the binding effect of the proceedings, rulings, orders, and judgments in this Litigation, whether favorable or unfavorable, on all persons not excluded from the Class;

    c. Is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

    d. Fully satisfies all applicable requirements of the Federal Rules of Civil Procedure (including Fed. R. Civ. P. 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), the Private Securities Litigation Reform Act of 1995, the Rules of Court, and any other applicable law.

**Participation and Opt Out**

13. Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained in the Notice. Unless the Court orders otherwise, all Proofs of Claim and Release forms must be submitted no later than *October 23, 2018*. Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by the Settlement and all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Class. Notwithstanding the foregoing, Class Counsel shall have the discretion to accept late-submitted claims for processing by the Settlement Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

14. Any person falling within the definition of the Class may seek to be excluded from the Class by submitting to the Settlement Administrator a request for exclusion ("Request for Exclusion"), which complies with the requirements set forth in the Notice and is postmarked no later than *November 2, 2018*. All persons who submit valid and timely Requests for Exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement Stipulation or the Judgment. However, a Class Member may submit a written revocation of a Request for Exclusion up until five (5) days prior to the date of the Settlement Hearing and still be eligible to receive payments pursuant to the Stipulation provided the Class Member also submits a valid Proof of Claim prior to the Settlement Hearing.

15. Upon receiving any Request for Exclusion, Class Counsel or the Settlement Administrator shall promptly provide copies of such request(s) to Defendants' counsel within five (5) business days, and in any event not less than fourteen (14) days prior to the Settlement Hearing.

///
///
///

*Supplemental Agreement*

16. *The Supplemental Agreement referenced in the Stipulation shall be submitted to the Court for <u>in camera</u> review no later than thirty (30) days prior to the Settlement Hearing. At this time, Class Counsel will inform the Court of the threshold percentage amount of NuVasive common stock that will trigger Defendants' option to terminate the Stipulation, as well as the current percentage of NuVasive common stock based on the number of Persons who otherwise would be Class Members who have validly requested exclusion from the Class.*

**Settlement Hearing; Right to Appear and Object**

17. The Settlement Hearing shall take place before the undersigned, United States District Judge Jeffrey T. Miller, 221 West Broadway, San Diego, California 92101, Courtroom 5D on *Monday, November 12, 2018, at 10:00 a.m.*, to determine:

   a. Whether the Settlement, on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable, and adequate;

   b. Whether a Judgment as provided in the Stipulation should be entered herein;

   c. Whether the application for attorneys' fees and expenses to be submitted by Class Counsel should be approved;

   d. Whether the Plan of Allocation is fair and reasonable to the Class;

   e. Whether the application for an award of reasonable costs and expenses to be submitted by Plaintiffs should be approved; and

   f. Such other matters as the Court may deem necessary or appropriate.

18. The Plan of Allocation, Class Counsel's application for an award of attorneys' fees, and Plaintiffs' award of reasonable costs and expenses will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any appeal relating solely to the Plan of Allocation, solely to Class Counsel's application for an award of attorneys' fees and expenses, or solely to Plaintiffs' application for an award of reasonable costs and expenses shall not operate to terminate or cancel the Settlement, or affect or delay

the finality of the Judgment approving the Stipulation and the Settlement of the Litigation.

19. The Court may finally approve the Stipulation at or after the Settlement Hearing with any modifications agreed to by the parties and without further notice to the Class Members.

20. Any Class Member and any other interested person may appear at the Settlement Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection to such matters, unless no later than *October 26, 2018*, such person files with the Court a statement of objection signed by the objector, even if represented by counsel, setting forth: (i) whether the person is a Class Member; (ii) to which part of the Stipulation the Class Member objects; (iii) the specific reason(s), if any, for such objection including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of such objection. Such Class Member shall also provide documentation sufficient to establish the amount of publicly traded NuVasive securities purchased and sold during the Class Period and the prices and dates of such transactions. Class Members wishing to appear in person at the Settlement Hearing must submit a Notice of Intention to Appear with the objection. If the objector intends to appear at the Settlement Hearing through counsel, the objection must also state the identity of all attorneys who will appear at the Final Approval Hearing and such counsel must submit a Notice of Intention to Appear with the objection. Objection materials must be sent to the following:

| **Clerk of the Court** | **Class Counsel** |
|---|---|
| United States District Court<br>Southern District of California<br>221 West Broadway<br>San Diego, CA 92101 | Jeremy A. Lieberman<br>Michele S. Carino<br>POMERANTZ LLP<br>600 Third Avenue, Floor 20<br>New York, NY 10016<br>Telephone: (212) 661-1100 |

9

13cv2005 JM (JLB)

| **Attorneys for NuVasive, Inc. and Michael J. Lambert** | **Attorneys for Defendant Alexis V. Lukianov** |
|---|---|
| Robert W. Brownlie<br>Noah A. Katsell<br>Kellin M. Chatfield<br>DLA Piper LLP<br>401 B Street, Suite 1700<br>San Diego, CA 92101 | Christopher H. McGrath<br>Raymond W. Stockstill<br>PAUL HASTINGS LLP<br>4747 Executive Drive, Floor 12<br>San Diego, CA 92121 |

21. Class Counsel shall file all papers, including memoranda or briefs in support of the Settlement, the Plan of Allocation, an award of attorneys' fees and reimbursement of expenses, and Plaintiffs' award of reasonable costs and expenses no later than *October 8, 2018*. Reply papers, if any, shall be filed no later than *November 5, 2018*.

22. The Court reserves the right to adjourn or continue the Settlement Hearing, including the consideration of the motion for attorneys' fees and expenses, without further notice of any kind. The Court may approve the Settlement with modifications as may be agreed to by the Settling Parties, without further notice to the Class.

23. If the Settlement is approved, all Class Members will be bound by the terms of the Settlement as set forth in the Stipulation, and by any judgment or determination of the Court affecting the Class, regardless of whether or not a Class Member submits a Proof of Claim. Any member of the Class who fails to opt out of the Class or who fails to object in the manner prescribed therein shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged in the Complaint, or which could have been alleged, or which otherwise were at issue in the Litigation.

## **Other Provisions**

24. ~~Upon~~ *After* payment of the Settlement Consideration to the Escrow Account by or on behalf of the Defendants, ~~the Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed pursuant to the Stipulation and/or further order of this Court. There~~ *there* shall be no distribution of any part of the Net Settlement Fund to the Class until the Plan of Allocation is finally approved and the Court issues the Settlement Fund

10

13cv2005 JM (JLB)

Distribution Order and until the Order and Final Judgment becomes Final.

25. Except for the obligations to cooperate in the production of reasonably available information with respect to the identification of Class Members from NuVasive's shareholder transfer records, in no event shall the Defendants or any of the Released Persons have any responsibility for the administration of the Settlement, and neither the Defendants nor any of the Released Persons shall have any obligation or liability to the Plaintiffs, Lead Counsel, or the Class in connection with such administration.

26. ~~No Person shall have any claim against Plaintiffs, Lead Counsel, the Class Members, the Settlement Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement, the Plan of Allocation, or further orders of the Court, except in the case of fraud or willful misconduct. No person shall have any claim under any circumstances against the Released Persons, based on any distributions, determinations, claim rejections or the design, terms, or implementation of the Plan of Allocation.~~

27. The Defendants have denied, and continue to deny, any and all allegations and claims asserted in the Complaint and the Litigation and have represented that they entered into the Settlement solely in order to eliminate the burden, expense, and uncertainties of further litigation. This Order and the Stipulation, whether the Settlement contemplated by the Stipulation is consummated or not, and any statements made or proceedings taken pursuant to them are not, shall not be deemed to be, and may not be argued to be or offered or received:

    a. Against any of the Released Persons as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Persons with respect to the truth of any fact alleged by the Plaintiffs in the Complaint or the Litigation, or the validity of any claim that has been or could have been asserted against any of the Defendants in the Complaint or the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation, or of any wrongdoing

11

13cv2005 JM (JLB)

or liability by any of the Defendants, or any liability, fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants;

b. Against the Plaintiffs or any Class Member or Lead Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Plaintiffs in the Complaint or the Litigation or of any lack of merit to the claims or the Complaint or the Litigation or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Complaint or the Litigation;

c. Against any of the Defendants, the Plaintiffs, or any Class Member, or their respective legal counsel, as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants, the Plaintiffs, or any Class Member, or their respective legal counsel, with respect to any liability, negligence, fault, or wrongdoing as against any of the Defendants, the Plaintiffs, or any Class Member, or their respective legal counsel, in any other civil, criminal, or administrative Litigation or proceeding, other than such Litigations or proceedings as may be necessary to effectuate the provisions of this Stipulation, provided, however, that if this Stipulation is approved by the Court, the Defendants, the Plaintiffs, and any Class Member, or their respective legal counsel, may refer to it to effectuate the liability protection and releases granted them hereunder;

d. Against any of the Defendants as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Consideration represents the amount which could or would have been received after trial of the Litigation against them;

e. Against the Plaintiffs or any Class Member, or Lead Counsel as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Plaintiffs or any Class Member that any of their claims are

without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Litigation would not have exceeded the Settlement Fund; or

  f. As evidence of, or construed as evidence of, any presumption, concession, or admission that the modification to the class definitions as ordered herein are appropriate in this Litigation, except for purposes of this Settlement.

  28. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection therewith shall be null and void to the extent provided by and in accordance with the Settlement, and without prejudice to the rights of the parties to the Stipulation before it was executed.

  29. The Court retains jurisdiction over the Litigation to consider matters arising out of, or connected with, the Settlement.

  IT IS SO ORDERED.

DATED: June 11, 2018

              _____
              JEFFREY T. MILLER
              United States District Judge